566 So.2d 1024 (1990)
Michael Wayne BROWN, Plaintiff-Appellee,
v.
KNOST ROOFING CORPORATION, et al., Defendants-Appellants.
No. 89-260.
Court of Appeals of Louisiana, Third Circuit.
July 30, 1990.
*1025 Roy Knoll, Eddie Knoll, Marksville, for defendants-appellants.
Wilson & Walker, Gregory Walker, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and GUIDRY and FORET, JJ.
FORET, Judge.
Plaintiff, Michael Wayne Brown, instituted this action for worker's compensation benefits against his employer, Knost Roofing Corporation (Knost Roofing), and its insurer, Commercial Union Insurance Company (Commercial Union). The trial court rendered judgment in favor of plaintiff, awarding worker's compensation benefits, penalties, and attorney's fees. Defendants have appealed, and plaintiff has answered the appeal, asking that the award of attorney's fees be increased to $10,000.

FACTS
In January of 1988, plaintiff began working for Knost Roofing as a roofer's helper. Plaintiff alleges that on a Friday in late March or early April, he was moving a spool of tar from one pallet to another when he tripped and fell. According to plaintiff, the tar fell on top of him and he immediately felt pain in his back. Plaintiff alleges that he told his fellow employees, Jackie Lee Hayes and Kenneth Ford, of the accident and was advised to report it to the job foreman, Sam Milo. Plaintiff further alleges that he then walked to the building *1026 where Milo was working and reported the accident. He then walked to the parking lot and sat in a car until the end of the workday.
Plaintiff states that on the day after the accident he went to the home of Dr. Newell Gauthier for medical assistance. Thereafter, plaintiff went to Huey P. Long Hospital for treatment and then returned to Dr. Gauthier on April 28, 1988, for further medical treatment. Dr. Gauthier treated plaintiff on a regular basis from this point on and, after the June 15, 1988 office visit, referred plaintiff to Dr. Frazer Gaar, an orthopedic surgeon, for further evaluation and treatment. Thereafter, plaintiff was also treated by Dr. Robert Po, who is also an orthopedic surgeon.
While a definitive diagnosis of plaintiff's condition has not been made, there is strong evidence that plaintiff has a bulging disc at the L5-S1 level with possible nerve root irritation. According to plaintiff's treating physicians, further testing should reveal the exact nature of plaintiff's injury.
On appeal, defendants assign the following errors:
1. The trial court erred in finding that an on-the-job accident occurred on April 15, 1988.
2. The trial court erred in finding that plaintiff suffers from a disabling injury.
3. Alternatively, the trial court erred in not finding that the plaintiff was capable of earning wages equal to or greater than the wages he was earning at the time of the alleged accident.
4. The trial court erred in assessing penalties and attorney's fees based on the defendants' arbitrary and capricious refusal to pay worker's compensation benefits.
5. The trial court's award of attorney's fees is excessive.

ASSIGNMENT OF ERROR NO. 1
The trial court determined that plaintiff sustained an on-the-job accident on April 15, 1988. Defendants argue that the trial court's finding in this regard is erroneous. We disagree. As noted earlier, plaintiff testified that he injured his back on a Friday in late March or early April. Plaintiff further stated that he immediately reported the accident to the job foreman and has not returned to work since that time. Plaintiff's testimony is supported by the testimony of his fellow employees, Jackie Lee Hayes and Kenneth Ford. Hayes testified that he heard plaintiff holler while they were working together and turned and saw plaintiff lying on top of a pallet. According to Hayes, plaintiff immediately complained of back pain and he advised plaintiff to report the incident to the job foreman, Sam Milo. Hayes further stated that, in the meantime, Kenneth Ford walked up and he also was informed of the accident. At this point, Hayes testified that he and Kenneth Ford went to the building where Milo was working and Ford advised Milo that plaintiff had been injured in an accident. Hayes testified that shortly thereafter, a conversation took place between Milo and plaintiff and that he overheard plaintiff advise Milo that he had been injured.
The testimony of Kenneth Ford is consistent with that of the plaintiff and Hayes. Ford states that on the day of the accident, Sam Milo instructed him to check on plaintiff and Hayes. He stated that when he arrived, plaintiff was not working and Hayes informed him that plaintiff had injured his back. At this point, Ford states that they walked over to where Milo was working and Ford informed Milo that plaintiff needed to talk to Milo because he had injured his back. Finally, Ford stated that he also overheard plaintiff inform Milo that he had injured his back. However, neither Hayes nor Ford could recall the date of the accident other than to state that it happened on a Friday.
In view of the above testimony, we have little difficulty in affirming the trial court's determination that an on-the-job accident did in fact occur. The determination of the date thereof is made difficult by plaintiff's inability to recall dates. However, this should not defeat plaintiff's right to recover worker's compensation benefits. As noted previously, plaintiff could only recall that the accident occurred on a Friday in *1027 late March or early April. He further stated that he went to Huey P. Long Hospital for treatment shortly thereafter. Hospital records were introduced into evidence at trial which established that plaintiff was treated at Huey P. Long Hospital on Monday, April 18, 1988. Furthermore, Marilyn Burnham, Administrative Assistant for Knost Roofing, stated that although there are no time cards on plaintiff after March 29, 1988, he did work subsequent thereto but his time was probably called in. Considering this, we find that the trial court did not err in finding that plaintiff did sustain an on-the-job accident and that this accident occurred, more probably than not, on April 15, 1988. We therefore find defendants' first assignment of error to be without merit.

ASSIGNMENT OF ERROR NO. 2
In their second assignment of error, defendants maintain that the trial court erred in finding that plaintiff suffers from a disabling injury. We disagree. Plaintiff underwent a CT scan which, according to Dr. Gaar, revealed a bulging disc at L5-S1. According to Dr. Gaar, further testing will establish whether the disc is simply weakening or has actually ruptured. Additionally, an MRI has been performed and this, too, reveals an abnormality at L5-S1. Considering this, Dr. Gaar is of the opinion that further testing is necessary and he also feels that plaintiff should not return to work until such time as these tests are conducted.
Dr. Robert Po also examined and treated plaintiff. Dr. Po saw plaintiff on four occasions from July 29, 1988, to October 11, 1988. His diagnosis is back strain with left leg radiculitis (nerve root irritation). He agrees that the CT scan indicates a bulging disc at the L5-S1 level. As for the plaintiff, as of the date of trial, he was still complaining of back pain and numbness in his legs, especially the left leg. He further stated that his condition has not improved.
In view of the above and foregoing, we find that the trial court did not commit manifest error in finding that plaintiff was totally disabled as of the date of trial. We note, however, that the trial court does not state in its reasons for judgment whether or not plaintiff is found to be entitled to temporary total or permanent total disability benefits. Similarly, the judgment signed by the trial court only states that plaintiff is entitled to worker's compensation benefits in the sum of $141.34 per week and does not state whether or not plaintiff is adjudged to be totally and permanently disabled. We do note, however, that the trial court did state in its reasons for judgment that plaintiff's disability is "of indefinite duration."
Prior to the 1983 amendments to our worker's compensation act, an employee was entitled to permanent total disability benefits upon a showing that his disability was of indefinite duration. Mazoch v. Employers Cas. Co., 514 So.2d 1184 (La. App. 1 Cir.1987), writ denied, 517 So.2d 812 (La.1988). This, however, is no longer the law of our State. Under our present law, in order for an employee to be entitled to permanent total disability benefits, he must prove, by clear and convincing evidence, that he is permanently disabled and not simply that his disability is of indefinite duration. R.S. 23:1221(2); Brewster v. Manville Forest Products Corp., 469 So.2d 340 (La.App. 2 Cir.1985); Mazoch v. Employers Cas. Co., supra.
In Brewster, our brothers of the Second Circuit stated the following in finding that the employee was entitled to temporary total disability benefits:
"Plaintiff has shown, however, that he was injured and suffered a disability which continued through the date of trial in May, 1984. The record established that the plaintiff was unable to perform any physical labor or to engage in any other gainful occupation. At the time of trial, plaintiff was in a healing and recovery period, particularly since he was unable to obtain the necessary test and probable surgery due to a lack of finances and the refusal of the defendant to pay for these expenses. The evidence shows that with further testing and treatment, plaintiff will most likely recover within a foreseeable, but indefinite, period of time.

*1028 While the evidence shows that the plaintiff should recover to a point where he will be able to engage in some type of gainful occupation, at the time of trial plaintiff's condition had not stabilized and he was in need of further medical testing and treatment. Under these circumstances, plaintiff's disability would be a temporary total disability rather than permanent.
Therefore, this court finds that when an injured manual laborer is disabled at the time of trial from performing physical labor and is still undergoing medical testing and treatment with an indefinite recovery period, yet it appears reasonably certain he will be able to engage in the same or other gainful occupation within a foreseeable period of time, he is entitled to benefits for temporary total disability.
This finding of total temporary disability is subject to the rights of either party to seek a modification of this judgment pursuant to LSA-R.S. 23:1331, should plaintiff experience a change in his condition.
It has been previously held that if a total disability exists at the date of trial and is of indefinite duration, this disability must be properly classed as permanent in nature.
. . . .
However, it does not appear that this jurisprudence is applicable under the new worker's compensation law which has changed the definition of permanent total disability and the claimant's burden of proof thereof."
Citations omitted.
In the instant case, plaintiff is in need of further testing and, as stated by the trial court, his disability is of indefinite duration. The evidence also indicates that, with proper testing and treatment, it is reasonably certain that plaintiff will be able to engage in some sort of gainful employment within a foreseeable period of time. Considering this, we find that plaintiff is totally disabled and is entitled to temporary total disability benefits.

ASSIGNMENT OF ERROR NO. 3
In their third assignment of error, defendants contend that it was established at trial that plaintiff is capable of engaging in other forms of gainful employment at wages equal to or greater than that which he was earning at the time of his injury. Defendants further contend that such employment was offered to or proven available to plaintiff in his or the employer's community or reasonable geographic region. Thus, defendants contend that plaintiff is not entitled to any worker's compensation benefits in accordance with R.S. 23:1221(3). In order to reduce the amount of plaintiff's worker's compensation benefits under the provisions of R.S. 23:1221(3), providing for supplemental earnings benefits, the employer must prove that the employee is physically able to perform a certain job and that the job was offered to the employee or was proven available to the employee in the employee or employer's community or reasonable geographic region. Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989). In the instant case, the trial court found that plaintiff was not physically able to engage in any other forms of employment in view of his uncertain medical picture and his continuing complaints of pain and numbness. We find no manifest error in the trial court's determination in this regard. Accordingly, defendants' third assignment of error is also found to be without merit.

ASSIGNMENT OF ERROR NO. 4
In their fourth assignment of error, defendants contend that the trial court erred in awarding penalties and attorney's fees in accordance with R.S. 23:1201 and 23:1201.2. The record reflects that plaintiff advised Commercial Union's adjuster, Mire Scribber, and all three of his treating physicians that the accident occurred on or about March 25, 1988. Even in plaintiff's lawsuit, it is alleged that the accident in question took place "on or about March 25, 1988." At trial, defendants introduced into evidence its employee records which established conclusively that plaintiff did not work on March 25, 26 & 27, and it was eventually determined by the trial court *1029 that the accident in fact occurred on April 15, 1988. Moreover, plaintiff's supervisor, Sam Milo, has stated quite adamantly that plaintiff never advised him that he had injured his back on the job. He did recall that on one occasion plaintiff did come to him complaining of hemorrhoids, but no mention was made of any back problems. Accordingly, there was a bonafide dispute in this case as to whether or not the plaintiff had, in fact, suffered a job-related injury. In view of this, we find that the trial court committed manifest error in awarding penalties and attorney's fees to plaintiff. The above evidence gave defendants reasonable grounds to controvert plaintiff's claim. We therefore reverse the award of penalties and attorney's fees to plaintiff.

ASSIGNMENT OF ERROR NO. 5
In their final assignment of error, defendants contend that the attorney's fees awarded by the trial court are excessive. In view of our finding in reference to defendants' assignment of error no. 4, it shall be unnecessary to discuss defendants' final assignment of error.

PLAINTIFF'S ANSWER TO APPEAL
As noted previously, plaintiff filed an answer to the appeal asking that the trial court's award of attorney's fees be increased to $10,000. Plaintiff maintains that the appeal filed by defendants herein is frivolous and that additional attorney's fees are owed for work done by plaintiff's counsel in connection with this appeal. In view of the fact that we have modified the trial court's judgment in some respects, it is clear that the appeal taken by defendants herein was not frivolous. Also, we have reversed the trial court's award of penalties and attorney's fees herein and consequently, plaintiff's request for additional attorney's fees incurred in connection with this appeal must be denied.
Considering the above and foregoing, the judgment of the trial court is amended to provide that plaintiff is entitled to temporary total disability benefits at the rate of $141.34 per week from April 15, 1988, during the period of his disability, according to law. Additionally, the trial court's award of penalties and attorney's fees is hereby reversed. In all other respects, the trial court's judgment is affirmed. Costs of this appeal are to be divided one-half to appellants, Knost Roofing Corporation and Commercial Union Insurance Company, and one-half to appellee, Michael Wayne Brown.
AMENDED IN PART, REVERSED IN PART AND RENDERED.
DOMENGEAUX, C.J., concurs.