614 So.2d 165 (1993)
Austin GUILLORY, Plaintiff-Appellant,
v.
CITY OF LAKE CHARLES, et al., Defendants-Appellees.
No. 91-1381.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Writ Denied April 23, 1993.
*166 McHale, Bufkin & Dees, Louis D. Bufkin, Lake Charles, for plaintiff-appellant.
Plauche, Smith & Nieset, Charles V. Musso, Lake Charles, for defendant-appellee-appellant.
Before LABORDE, THIBODEAUX and WOODARD, JJ.
THIBODEAUX, Judge.
This is an unusual case. It involves the dual appeal of the plaintiff, Austin Guillory, and the City of Lake Charles and its worker's compensation insurer, National Union Fire Insurance Company, from a judgment in a worker's compensation case which found plaintiff to be permanently and totally disabled. All parties allege that the administrative law judge's ruling is incorrect. In essence, all parties surprisingly argue that the hearing officer committed manifest error by characterizing the plaintiff as permanently and totally disabled. All parties appeal.

FACTS
Guillory was injured in the course and scope of employment as a sanitation worker with the city on November 11, 1984. He was struck by a garbage bag full of bottles, thrown by an unidentified woman. The force of the blow caused him to lose his balance and fall into the hopper at the end of the garbage truck, ultimately resulting in injury.
*167 Shortly after the incident, he visited Dr. Nathan Cohen who diagnosed him as suffering from a cervical strain and "frozen shoulder." The city, through its insurer, began paying temporary total disability benefits retroactive to the day of the accident. He was paid $354.00 every two weeks.
Guillory had persistent trouble with his shoulder and back. He continued treatment with Dr. Cohen, undergoing rigorous therapy in an attempt to restore movement to the injured left shoulder. No treatment, including manipulation of the shoulder after the application of a local anesthetic, brought relief from the problem. After numerous visits, with Guillory showing little or no improvement, Dr. Cohen released him and assigned a twenty-five percent disability to his left upper extremity.
Guillory also sought treatment from Dr. Fayez Shamieh, a neurologist, who diagnosed him as suffering from cervical disc disease with nerve root irritation and spur formations in the cervical area.
During this time, Guillory remained unemployed and on temporary total disability benefits. On April 23, 1990, his benefits were reduced to Supplemental Earnings Benefits (SEB) of $7.00 a week. The decision by the insurer to reduce was based on alleged medical reports stating that Guillory was able to work, and a report by a vocational rehabilitation expert that permanent employment was available to him in the area.
On April 24, 1990, Guillory filed a claim with the Office of Worker's Compensation. On July 28, 1990, the claim came before the hearing officer for trial. After evidence was taken, the hearing officer found Guillory totally and permanently disabled. He reinstated the original payments of $354.00 every two weeks, retroactive to date of reduction.
The hearing officer originally ruled Guillory unfit to work due to a disease called neurosyphilis. However, shortly after the initial ruling, the hearing officer recalled it and requested more evidence regarding neurosyphilis and its possible effects on Guillory. After considering the new evidence, on August 19, 1991, the hearing officer issued his second ruling, again finding Guillory permanently and totally disabled. In his reasons, he specifically stated his finding was not based on Guillory's possible neurosyphilis; rather, he concluded Guillory was physically unable to perform any but the most sedentary or light duty work. He further ruled that, assuming light duty work existed, Guillory lacked the educational background and the mental capacity to obtain and hold such a job.
The hearing officer denied Guillory's claim for penalties and attorney's fees. He found that Guillory and his attorney would not cooperate with the insurer's attempts to evaluate him for employment purposes.
It is from these rulings Guillory takes this appeal. The city has likewise suspensively appealed the ruling on disability status and assigns its own error.

ISSUES
There are three issues for this court to consider. The first two are raised by Guillory. They are whether or not he is totally and permanently disabled, and whether or not termination of his benefits was arbitrary and capricious, entitling him to penalties and attorney's fees. The third issue, raised by the city, is whether or not Guillory is physically unable to perform any but the most sedentary or light duty work and lacking in the educational background and mental capacity to obtain and hold such a job.

LAW AND ANALYSIS

A. Permanent Total Disability

LSA-R.S. 23:1221(2)(c), as it existed at the time of the accident, mandated an award for permanent total disability could only be made when the claimant is neither employed nor self-employed, and where he:
[P]roves by clear and convincing evidence, unaided by any presumption of disability, that [he] is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, *168 any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
The hearing officer determined Guillory was totally and permanently disabled. Hearing officers are entitled to the same standard of review as that applied to decisions of a trial court. Key v. Insurance Company of North America, 605 So.2d 675 (La.App. 2d Cir.1992). As a result, his conclusions of fact are afforded great discretion and will not be disturbed unless shown to be clearly wrong. Rosell v. Esco, 549 So.2d 840 (La.1989). We must determine whether the evidence relied upon supports his conclusions. Neither party claims the burden of proof for permanent total disability was met. Both argue the evidence presented cannot support that particular finding. Furthermore, Guillory argues he never claimed to be totally and permanently disabled, and never intended to introduce evidence to prove it.
For permanent total disability, the disabling injury must be permanent and not just for an indefinite period. Brown v. Knost Roofing Corp., 566 So.2d 1024 (La. App. 3d Cir.1990). This court has previously held a claimant not entitled to permanent total benefits where his treating physician did not rule out future improvement or recovery. Withers v. Timber Products, Inc., 574 So.2d 1291 (La.App. 3d Cir.1991), writ denied 580 So.2d 378, reconsideration denied, 581 So.2d 699 (La.1991).
In this case, no evidence was offered to show Guillory's disability is permanent. The medical evidence suggested the necessity of continued physical therapy and other forms of conservative treatment to achieve the goal of, in the words of one of the examining physicians, "relieving [Guillory's] complaints and returning him to gainful employment or at least a comfortable life."
Further medical evidence indicates Guillory is not suffering from a permanent total injury and is capable of working. Dr. Cohen testified Guillory could conceivably perform a sedentary job, one in which his shoulder and neck restrictions would not impede performance. This fact would seem to defeat a finding that his disability is total. In any event, it clouds the evidence sufficiently to prevent it from being clear and convincing that Guillory's injury is totally disabling. However, the hearing officer reasoned that, though such jobs might exist, Guillory lacked the educational and mental capacity to obtain them.
Guillory has a high school diploma. That fact dictates his educational background is sufficient for at least a minimum wage job. As to his mental capacity, there is no definite medical proof he suffers from dementia or some other mental illness or deficiency. We appreciate that the hearing officer was able to make personal observations of Guillory's appearance and demeanor, but such observations without medical evidence to support them do not reach the level of clear and convincing evidence in our view.
Because we find the evidence does not support a finding that Guillory has suffered a permanent total disability, we reverse the hearing officer's ruling. As the record is complete and all of the evidence is before us, we will determine the disability status, if any, of Guillory. See, C.C.P. art. 2164; Gonzales v. Xerox, 320 So.2d 163 (La.1975).

B. Temporary Total Disability

LSA-R.S. 23:1221(1), as it existed at the time of the accident, defined "temporary total" disability as one preventing the injured party from:
[E]ngag[ing] in any self-employment or gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience....
Guillory contends the "odd-lot" doctrine applies to his situation. The doctrine has been jurisprudentially determined as pertaining to temporary total disability although not specifically made part of the statute. See, Breaux v. Travelers Insurance *169 Company, 526 So.2d 284 (La.App. 3d Cir.1988); Frazier v. Conagra, Inc., 552 So.2d 536 (La.App. 2d Cir.1989), writ denied, 559 So.2d 124 (La.1990). The "odd-lot" doctrine considers the injured party temporarily totally disabled where he or she is capable of only the most limited activities for which a stable employment market is nonexistent. If such a condition is shown, the burden shifts to defendant to prove employment is available. Frazier, supra.
We believe Guillory's condition falls within the odd-lot doctrine. Dr. Cohen released Guillory from his care with a twenty-five percent disability of his left upper extremity. Cohen testified by deposition that the disability rating applies to his arm as a whole. He stated the shoulder itself is practically non-functional, but some hand and elbow movement is available. He further testified Guillory's neck and shoulder condition rendered him unable to perform manual labor and any job requiring persistent neck movement. It was his opinion Guillory would be unable to pass a pre-employment physical for any job requiring labor.
Guillory's degenerative neck disease, which Dr. Shamieh opined was the source of some nerve root irritation possibly leading to his neck pain, was not caused by the accident. However, neither he nor Dr. Cohen ruled out the possibility the accident caused the degenerative disc disease to become symptomatic. No disability rating was assigned to its effects.
Other medical reports describe the difficulty in finding objective sources for Guillory's subjective complaints. Nevertheless, none of the examining physicians questioned whether or not Guillory was experiencing pain. The fact is that his shoulder is still "frozen" and together with his neck pain, his employability is severely limited.
The question becomes, how limited is his employability? He is limited by his continued pain and by his lack of education and experience. While he has a high school education, he apparently has no non-labor related work experience. It is one thing to ponder the possibility of a "desk job" for him, but the reality is that he lacks the educational preparation, vocational training or other experience required to fill most positions that are considered sedentary jobs. Because he is limited both physically and educationally to such a minute job market, he falls squarely within the odd-lot doctrine and must be considered temporarily totally disabled.

C. Supplemental Earnings Benefits

The city reduced Guillory's benefits to SEB after Dr. Cohen released him with a twenty-five percent disability, and after receiving a report by Glenn Hebert, a vocational rehabilitation expert, listing jobs in the area for which Guillory was allegedly qualified. The city now argues that it proved, by virtue of uncontradicted testimony by Hebert, that certain jobs exist in the area that Guillory is capable of doing and whatever benefits are owed are strictly under SEB.
The testimony of Hebert was based on his review of the medical records and a labor market survey of the Lake Charles area. Examples of jobs suggested for Guillory are general office clerk, manager trainee, night dispatcher, short order cook, and salad maker. The job on which Guillory's supplemental earnings capacity was based is a $1,000.00 a month general office clerk position. This produced supplemental benefits paid to him of $6.85 per week.
In order for the city to reduce Guillory's benefits to SEB, it must prove that he is physically able to perform a particular job and that job was offered to him or was available to him in his community or reasonable geographic region. Brown v. Knost Roofing Corp., supra; Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La. 1989).
The city contends, since it presented uncontradicted testimony by Hebert, it has met this burden of proof. We disagree. The list of jobs given by Hebert is just that, a list, and lacks any evidence to indicate Guillory can actually perform them. The medical evidence establishes Guillory is still experiencing pain and his shoulder is still "frozen." The evidence does not establish *170 that he could do any of the listed jobs at this time. This is not to say he will not improve, and the city has a right to seek modification should that occur. At this time, and without evidence to the contrary, Guillory's temporary total disability prevents him from performing the jobs on Hebert's list.

D. Penalties and Attorney's Fees

Guillory appeals the hearing officer's denial of penalties and attorney's fees. He claims the city was arbitrary and capricious in reducing his benefits. Where termination of worker's compensation is based on competent medical reports or evidence, it is not arbitrary and capricious. Crawford v. Midwest Steel Company, Inc., 517 So.2d 918 (La.App. 3d Cir.1987). We find this assignment to be without merit. We cannot say the city improperly relied on the medical opinion of Dr. Cohen and the vocational rehabilitation specialist, Hebert. While our interpretation of the evidence finds them to be incorrect in reducing the benefits, we nevertheless find their reliance on such evidence to be reasonable.

CONCLUSION
For the foregoing reasons, the ruling of the hearing officer finding Guillory totally and permanently disabled is reversed. Furthermore, we conclude that Guillory is temporarily totally disabled and shall receive the full benefits of that classification, retroactive to April 23, 1990, in the amount of $354.00 every two weeks. A reduction to supplemental earnings benefits is unwarranted. Finally, we deny Guillory's claims for penalties and attorney's fees. Costs are to be paid by the City of Lake Charles and National Union Fire Insurance Company.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.