| THIBODEAUX, Judge.
The plaintiff-appellant, Mr. Clopha Co-meaux, appeals the judgment of the Office of Workers’ Compensation in favor of defendant-appellee, City of Crowley. The workers’ compensation judge (hereinafter “WCJ”) found that Mr. Comeaux was entitled to supplemental earnings benefits (hereinafter “SEB”) at the full rate without any reduction for earning capacity. Mr. Comeaux wants permanent disability or temporary total disability benefits.
The WCJ concluded that only the physical disability of an injured worker is considered in determining whether a worker is entitled to permanent total disability benefits based on La.R.S. 23:1221(2). For the following reasons, we reverse.
I.

ISSUES

The issues presented for review are: (1) is it proper to consider only the physical disability of an injured worker in determining that claimant’s entitlement to permanent total disability based on La.R.S. 23:1221(2); and (2) did Mr. Comeara prove by clear and convincing evidence his entitlement to permanent and total disability benefits.
II.

FACTS

Mr. Comeaux originally hurt his back while employed as a diesel mechanic at Western Company in June of 1984. On August 29, 1984, Dr. Michael Heard did an L4 laminectomy, removed a herniated disc at L4-5, and performed a [^bilateral lumbar fusion of L4 to L5. After Mr. Comeaux recovered from .surgery, he worked as a laborer for the City of Crowley. Mr. Co-meaux was re-injured while in the course and scope of employment with the City of Crowley on April 25, 1990. The City of Crowley filed a petition with the Office of Workers’ Compensation, requesting a social security offset against Mr. Comeaux’s benefits. The Office of Workers’ Compensation found Mr. Comeaux was permanently and totally disabled and allowed the City of Crowley to offset Mr. Comeaux’s social security benefits.
*901 An appeal was taken on behalf of Mr. Comeaux to this Court. We reversed, concluding that there could not be a finding of permanent and total disability without first considering whether or not Mr. Comeaux could be rehabilitated. City of Crowley v. Comeaux, 93-1116 (La.App. 3 Cir. 4/6/1994); 638 So.2d 658, twit denied, 94-1184 (La.1994); 640 So.2d 1355. This court found the WCJ failed to consider the possible benefits of rehabilitation and retraining and remanded the case solely to determine the type and duration of vocational training Mr. Comeaux was to receive in accordance with La.R.S. 23:1226.
The City of Crowley provided rehabilitation services to Mr. Comeaux through Mr. Mark Cheairs, a vocational rehabilitation expert. Mr. Comeaux attempted unsuccessfully to get his GED. Mr. Comeaux was unable to pass the GED preliminary exam on six occasions. The City of Crowley had provided vocational rehabilitation in excess of fifty-two weeks, which is the maximum Mr. Comeaux is entitled to under La.R.S. 23:1226. Vocational rehabilitation was then terminated by the City of Crowley. On June 28, 1999, Mr. Comeaux filed a claim in this matter asserting he wished to increase his weekly compensation benefits as the City of Crowley is no longer allowed a setoff for social security benefits received under La.R.S. 23:1225(C).
|/The second trial was held on March 30, 2000. There was medical testimony from two physicians, Dr. Michael Heard, Mr. Comeaux’s physician, and Dr. Gregory Gidman, the City of Crowley’s physician. It was the opinion of Dr. Michael Heard that Mr. Comeaux was unable to work. It was the opinion of Dr. Gidman that it would be very difficult to find any type of appropriate work for Mr. Comeaux because of his limited skills and previous work experience.
The WCJ found that Mr. Comeaux was not entitled to permanent and total disability benefits or temporary and total disability benefits, but SEB benefits. The WCJ based her conclusion on the wording of La.R.S. 23:1221 stating that if the claimant is physically able to work, he is not temporarily and totally disabled or permanently and totally disabled. The WCJ considered the physical capacity to engage in employment and determined that Mr. Comeaux was entitled to supplemental earnings benefits based on testimony presented at trial. Mr. Comeaux appeals this determination.
III.

LAW AND DISCUSSION

Standard of Review
An appellate court in Louisiana is constitutionally authorized to review both law and facts. La. Const, art. V, § 10(B). It is well-settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). However, where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the Rrecord and determine a preponderance of the evidence. Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95); 650 So.2d 742, reversed in part, on other grounds, 96-3028 (La.7/1/97); 696 So.2d 569. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993). Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. Id. When such a prejudicial error of law skews the trial court’s finding of a material issue of fact and causes 1 it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo. Id. The interpretation of a statute, as in this case, is a question of law *902 which mandates a de novo review. Because we conclude that the trial court misinterpreted La.R.S. 23:1221(2), we shall also conduct a de novo review of the facts and render judgment accordingly.
What Factors can be Considered?
The WCJ relied on a strict interpretation of La.R.S. 23:1221(2) in making her judgment. The statute reads in pertinent part:
(а) For any injury producing permanent total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds percent of wages during the period of such disability.
[[Image here]]
(c) For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment Isor self-employment as described in Subparagraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
However', it is well established that the workers’ compensation act is remedial in nature. In order to effectuate the humane policies it reflects, the law is to be liberally construed in favor of the injured employee. Breaux v. Travelers Ins. Co., 526 So.2d 284 (La.App. 3 Cir.1988). The WCJ states that Section 1221(2) focuses exclusively on the physical component. She stated in her written reasons for judgment that “[t]o me ... you look at the physical capacity to engage in employment, as opposed to the SEB provision, which, as we all know, has a component of suitability from the intellectual, educational, socioeconomic standpoint.” We disagree.
Louisiana Revised Statutes 23:1221(2) should be interpreted to include a totality of factors when determining whether a claimant is totally and permanently disabled such as access to employment, physical factors, age, race, literacy, and experience. A totality of factors comports with the spirit of workers’ compensation law. To rely solely on physical factors is too restrictive, would not effectuate the purpose of the act, and represents a myopic view of today’s marketplace demands. “Our courts should look to the totality of factors related to a realistic appraisal of access to employment. Our courts do not exist in a vacuum, immune to the realities of the real world.” Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52 (La.1993). In Pinkins, the Louisiana Supreme Court focused on a totality of factors | ¿when it decided the claimant was ultimately entitled to SEB. Although Pinkins awarded SEB, the court granted certiorari to decide whether the lower courts erred in finding that plaintiff was neither totally and permanently disabled nor totally and temporarily disabled and that he was not entitled to supplemental earnings benefits. Id. at 55. (Emphasis added). Thus, the supreme court considered not only SEB but total and permanent disability in determining the plaintiffs benefits. The court then engaged in a consideration of “access to employment” factors such as the claimant’s literacy, age, work related disability, race, and the ability to perform in awarding SEB benefits. However, in do *903 ing so, the court did not limit those factors to SEB.
Also, in Granger v. Nelson Logging, 96-223 (La.App. 3 Cir. 12/4/96); 685 So.2d 400, our court held that the claimant was entitled to permanent and total disability benefits based not only on his physical injuries but also on the fact that claimant had only a fourth grade education, was fifty-six years of age and was unable to engage in gainful employment since the date of his injury.
In Guillory v. City of Lake Charles, 614 So.2d 165 (La.App. 3 Cir.), writ denied, 616 So.2d 700 (La.1993), our court considered other than solely physical factors in determining that the claimant was entitled to temporary and total disability benefits:
The question becomes, how limited is his employability? He is limited by his continued pain and by his lack of education and experience. While he has a high school education, he apparently has no non-labor related work experience. It is one thing to ponder the possibility of a “desk job” for him, but the reality is that he lacks the education preparation, vocational training or other experience required to fill most positions that are considered sedentary jobs. Because he is limited both physically and educationally to such a minute job market, he falls squarely within the odd-lot doctrine and must be considered temporarily and totally disabled.
\7Id. at 169. The statutory provisions for permanent and total disability and temporary and total disability are identical. It would be anomalous to consider a totality of the factors for temporary and total disability and not consider a totality of the factors when considering permanent and total disability.
Thus, we reverse the Office of Workers’ Compensation and hold that a totality of the factors should be considered including physical factors, age, race, literacy, and experience when determining whether a claimant is permanently and totally disabled.
Claimant is Permanently and Totally Disabled
When this case was originally appealed on the issue of whether Mr. Comeaux was totally and permanently disabled, the City of Crowley forcefully asserted that Mr. Comeaux was totally and permanently disabled. Mr. Mark Cheairs, the City of Crowley’s vocational expert, testified that Mr. Comeaux was totally and permanently disabled. To be considered permanently and totally disabled, the claimant must prove by clear and convincing evidence that he is physically unable to engage in any employment or self-employment. La. R.S. 23:1221(2). This time, when the case was argued in front of the WCJ, the WCJ held that the burden of clear and convincing evidence had not been met for either temporary and total disability or permanent and total disability status. Therefore, the WCJ found Mr. Comeaux entitled to SEB.
We disagree. Mr. Comeaux received treatment for his injury from Dr. Michael E. Heard, his treating physician. Dr. Heard noted on August 14, 1990, that Mr. Comeaux should not be doing labor “now or anytime ever in the future.” Dr. Heard continued to treat Mr. Comeaux and noted on August 17, 1992, that “the |spatient is unable to do any heavy, very heavy, or medium type of work and activities. He was approved only for light and sedentary activities as long as there was no prolonged sitting longer than thirty minutes, no prolonged standing longer than thirty minutes, and no repetitive bending, twisting, stooping, or crawling.”
As late as November 11, 1999, Dr. Gregory Gidman, the City of Crowley’s expert, stated that Mr. Comeaux will have serious restrictions on his activity level. Dr. Gid-man also stated that Mr. Comeaux had reached maximum medical improvement and further stated that he should function at home and at other activity levels only within the limits of his Functional Capacity *904 Evaluation, which would be extremely light sedentary work with a maximum lifting of occasionally ten pounds. Dr. Gid-man added that he felt it would be very difficult to find any type of appropriate work for Mr. Comeaux since he has very limited skills as far as reading and writing, and considering his previous occupation as a laborer.
Mr. Comeaux is fifty-eight years old. Mr. Comeaux quit school in the eighth grade after failing several times. His work experience is as a farm laborer, diesel mechanic and delivery man. After the original appeal in this case, Mr. Comeaux attended a GED program where he took the test on six occasions and was unable to pass. It has been over ten years since he has been injured and he has not been able to be retrained even though he has undergone fifty-two weeks of vocational rehabilitation. It is highly unlikely that someone with his intellectual deficiencies and physical inadequacies will be able to seriously perform any legitimate workplace functions, given the advancements and requirements of the present day workplace.
After the WCJ held Mr. Co-meaux permanently and totally disabled in the original matter in 1994, we remanded the case. “Absent any evidence to support the notion that a claimant will be forever disabled, or is unable or unwilling to learn |3a new compensable skill or polish the old one he already has, every procedural precaution must be taken to ensure that an injured worker in this State is not prematurely declared permanently and totally disabled.” City of Crowley, 638 So.2d 658. It is clear that all attempts at rehabilitation and retraining have been exhausted and have faded. It is now certainly not premature to declare Mr. Comeaux permanently and totally disabled. We hereby do so.
IV.

CONCLUSION

The Office of Workers’ Compensation’s interpretation of La.R.S. 23:1221(2) was incorrect. A totality of factors including physical factors, age, race, literacy, and experience should be considered when determining whether a claimant is permanently and totally disabled. The Office of Workers’ Compensation relied solely on physical impairments when finding Mr. Comeaux was not permanently and totally disabled. Clearly, workers’ compensation benefits are remedial in nature. Thus, the workers’ compensation laws should be liberally construed in order to effectuate the humane policies they reflect.
Mr. Comeaux is now fifty-eight years old and has reached maximum medical improvement. The Functional Capacity Evaluation, as well as the opinions of both physicians, indicate that Mr. Comeaux is unable to work but is encouraged to be as active as possible within the parameters of light and sedentary activities as tolerated. Coupled with Mr. Comeaux’s physical deficiencies and his age, work experience and educational inadequacies, our review of the entire record reveals that Mr. Comeaux proved by clear and convincing evidence that he is permanently and totally disabled and under 23:1221(2).
^[^For the above reasons, the judgment of the Office of Workers’ Compensation in favor of the City of Crowley entitling Mr. Comeaux to supplemental earnings benefits is reversed. It is now ordered, adjudged and decreed that there be judgment in favor of Mr. Comeaux entitling him to permanent and total disability benefits at the stipulated compensation rate of $112.01 per week.
Costs of this appeal are assessed to the defendant-appellee, the City of Crowley.
REVERSED AND RENDERED.