SAUNDERS, Judge.
K-Mart appeals a judgment denying the reclassification of Lena Turner’s disability status and denying the entitlement to a credit for overpayment of benefits. The Worker’s Compensation Judge determined that she was temporarily totally disabled and denied any credits for K-Mart. On appeal, we affirm the ruling of the Worker’s Compensation Judge in favor of Lena Turner.

FACTS

Lena Turner obtained a high school education. Upon completing her high school education, she worked as a barmaid. Later, she attended SOWELA Tech to obtain a hospital ward secretary’s certificate. Then, she began working at K-Mart in July, 1979.
On December 9, 1988, Lena Turner was injured at K-Mart while in the course and scope of employment. Ms. Turner, a cashier, injured her back when she lifted a bag of cat litter to put it into a shopping cart. As a result of the incident, she sustained back injuries. She continued to work at K-Mart until September, 1990, when the pain became too intense for working. Later, Ms. Turner had two back surgeries, one by Dr. Bernauer in 1991 and the other by Dr. Foster in 1993. She received medical treatment from 1988 continuing through the time of the trial.
K-Mart has paid Ms. Turner’s temporary total disability benefits and medical expenses; however, K-Mart has refused to authorize and pay for an EMG/nerve conduction study which has been repeatedly recommended by physicians. Although Ms. Turner has continued to receive benefits, K-Mart sent her to a rehabilitation expert who testified that there were things that she could do in the work force. However, Ms. Turner has not returned to work and has experienced pain daily. Ms. | ¿Turner has helped her mother, who has a house cleaning business, to clean houses since about 1998. Although her mother has helped her financially by paying some of her monthly bills, she has earned no money for cleaning the houses. Thus, the worker’s compensation judge determined that the housecleaning did not constitute employment. She has not been employed since she left K-Mart in 1990.

PROCEDURAL FACTS

On May 25, 1999, K-Mart filed a disputed claim form with the Office of Worker’s Compensation. K-Mart listed the bona fide dispute as follows: “causation, with *596 respect to current disability; entitlement to further medical of necessity of same; disability status; entitlement to offset or credit pursuant to §§ 1223 and/ or 1225.” On July 12, 1999, Lena Turner filed a dispute with the Office of Worker’s Compensation claiming “medical treatment (procedure/prescription) EMG of left arm and left leg recommended by Dr. Kevin Gorin; Dr. Dale Bernauer not authorized.” Both claims were consolidated for trial.
After the trial, a judgment was rendered in favor of Lena Turner. The court found that she was entitled to temporary total disability benefits and that the “odd-lot doctrine” applied to this case. Further, the court concluded that she was injured during the course and scope of her employment, and she experiences pain daily. In addition, the court rejected K-Mart’s entitlement to credit for benefits for periods of time where she helped her mother clean house and for benefits received by Social Security. Finally, the court found that K-Mart had no reasonable basis to deny Ms. Turner’s EMG testing, and found them hable to Ms. Turner for attorney’s fees in the amount of $3,500.00. From that judgment, K-Mart has taken the instant appeal.

\oLAW AND ANALYSIS

ASSIGNMENT OF ERROR
On appeal, K-Mart asserts the following assignments of error: (1) The lower court erred in finding the claimant to be entitled to temporary total disability benefits, rather than supplemental earnings benefits or permanent total disability benefits; and (2) The lower court erred in failing to apply credit due to the claimant’s receipt of social security disability benefits or apply a reverse offset based upon a finding that the claimant was permanently and totally disabled.
STANDARD OF REVIEW
The issue of disability is a factual determination. Fritz v. Home Furniture-Lafayette, 95-1705 (La.App. 3 Cir. 7/24/96); 677 So.2d 1132, 1134; Creel v. Concordia Electric Cooperative, Inc., 95-914 (La.App. 3 Cir. 1/31/96); 670 So.2d 406; writ denied, 96-0577 (La.4/19/96); 671 So.2d 923. Factual findings of a hearing officer may not be disturbed by an appellate court unless the factual findings are manifestly erroneous or clearly wrong. Fritz v. Home Furniture-Lafayette, 677 So.2d at 1134; Comeaux v. Sam Broussard Trucking, 94-1631 (La.App. 3 Cir. 5/31/95); 657 So.2d 449. In order for an appellate court to set aside a hearing officer’s factual finding, the appellate court must conclude from the record, viewed in its entirety, that a reasonable factual basis did not exist for the hearing officer’s finding and that this finding is clearly wrong. Guidry v. Picadilly Cafeterias, Inc., 95-12 (La.App. 3 Cir. 5/24/95); 657 So.2d 325, writ denied, 95-1601 (La.9/29/95); 660 So.2d 870.
Further, in determining the issues presented on appeal, this court is cognizant of the principals established in Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52 (La.1993). In Pinkins, the supreme court stated, “[i]t is well established that this state has long recognized the workers’ compensation act is remedial in nature. In order to effectuate the humane policies it reflects,, the law is to be liberally construed in favor of the injured employee.” Id. at 55.
DISABILITY STATUS

Peivnanent Total Disability

L.S.A.-R.S.23:1221 (2)(C), as it existed at the time of the accident, mandated that an award for permanent total disability could only be made when the claimant is neither employed nor self-employed, and where he:
*597 [P]roves by clear and convincing evidence, unaided by any presumption of disability, that [he] is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self employment.
Previously, we have held that a permanent total disability must be permanent and not just for an indefinite period. Guillory v. City of Lake Charles, 614 So.2d 165 (La.App. 3 Cir.), writ denied, 616 So.2d 700 (La.1993); Brown v. Knost Roofing Corp., 566 So.2d 1024 (La.App. 3 Cir.1990). Further, we have previously held a claimant is not entitled to permanent total benefits where his treating physicians did not rule out future improvements or recovery. Withers v. Timber Products, Inc. 574 So.2d 1291 (La.App. 3 Cir.), writ denied, 580 So.2d 378 (La.1991).

Temporary Total Disability

La.R.S. 23:1221(1), as it existed at the time of the accident, defined “temporary | ¿total” disability as one preventing the injured party from being able to:
[EJngage in any self-employment or gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience ...
Although not specifically included in this statute, the “odd-lot” doctrine has been jurisprudentially determined to pertain to this statute. Breaux v. Travelers Insurance Company, 526 So.2d 284 (La.App. 3 Cir.1988). Frazier v. Conagra, Inc., 552 So.2d 536 (La.App. 2 Cir.), writ denied, 559 So.2d 124 (La.1990).
At the time of the accident, Louisiana law provided that the temporary total disability provisions were not applicable once a claimant reached maximum medical improvement. K-Mart argues that Turner has reached maximum medical improvement, and her temporary total disability benefits should be changed to supplemental benefits or permanent total disability benefits. However, the finding of a physician that a patient has reached maximum medical improvement is not the sole determination. Determining the classification of a legal disability requires a legal, as well as a medical, analysis. Hopes v. Domtar Industries, 93-127 (La.App. 3 Cir.1999); 627 So.2d 676, 683 (citing DeGruy v. Pala, Inc., 525 So.2d 1124, 1133 (La.App. 1 Cir.), writ denied, 530 So.2d 568 (La.1988)).
In Hopes, Joshua Hopes, an employee of Domtar Industries, was injured in 1983 in the course and scope of employment while handling a fifty pound sack of nitrate. It was determined that he was temporarily totally disabled. Then, in 1989, his physician indicated that Mr. Hopes had reached maximum medical improvement notwithstanding his persistent complaints of pain. The physician released him to | fiwork with various restrictions and approved three jobs for Mr. Hopes. As a result, his employer reduced his benefits to supplemental earnings benefits, and Mr. Hopes brought an action against his employer.
Mr. Hopes continued to see the physician for pain treatment. The physician took additional x-rays and recognized that surgery could further improve his situation. Because of the possibility of improving Mr. Hopes’ condition, we found that the new finding negated the maximum medical improvement status. Id. at 685.
*598 In this instance, some of the physicians did find that Turner had reached maximum medical improvement. In fact, some jobs have been approved for her to perform. Like Hopes, she too could only possibly perform restricted work. Doctors would only allow her to return to a sedentary position on a part-time basis. Similarly, she was still receiving treatment for pain at the time of the trial. She is still awaiting an electromyogram test which the worker’s compensation judge determined that K-Mart had no reasonable basis to deny. The judge ordered K-Mart to authorize the test for Turner and to pay attorney’s fees for denying the test. Turner is still undergoing treatment and requiring medical testing. Under these circumstances, the trial court was correct in finding that Turner remains temporarily totally disabled, and we affirm this ruling.
ENTITLEMENT TO A SOCIAL SECURITY CREDIT
The substantive law providing for the entitlement to an offset is specified in La. R.S. 23:1225, which states:
A. The benefits provided for in this Subpart for the injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter [7y, Subchapter II, entitled to Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423....
C.(l) If an employee receives remuneration from: (a) benefits under the Louisiana worker’s compensation law, (b) old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefits in proportion funded by an employer, and (d) any other worker’s compensation benefits under this Chapter shall be reduced ....
First, K-Mart asserts that Turner is receiving social security disability benefits and that they are entitled to a reverse offset provided by Section 1225A of the Louisiana Worker’s Compensation Act. To receive such an offset, the employee must be permanently and totally disabled. As previously discussed, she is not; thus, K~ Mart is not entitled to a reverse offset.
In the alternative, K-Mart argues that they are entitled to a credit for half of the social security benefits that Turner has received under Section 1225(C)(1)(c) of the Louisiana Worker’s Compensation Act. K-Mart requests that we interpret the statute by applying the rational of Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95); 660 So.2d 841. In that case, the supreme court allowed a credit under Section 1225(C)(1)(c) when a claimant was receiving temporary total disability benefits and social security benefits to prevent any double recovery of benefits in excess of the claimant’s actual wages. The court reasoned that the language of the Louisiana statute was ambiguous and interpreted the Section 1225(C)(1)(c) of the statute to include an offset for social security disability benefits for any disability. Id. at 846.
| sHowever, we will not apply such a standard because this case has been overruled by Al Johnson Construction v. Pitre, 98-2564 (La.5/18/99); 734 So.2d 623, 628. The court ruled that its previous interpretation of the statute was incorrect. Now, the statutory offset does not apply to Social Security disability benefits, and it only applies to permanently totally disabled claimants. Id. at 627. The Supreme Court now maintains that La.R.S. 23:1225(C)(1)(c) does not permit an offset of Social Security Disability benefits *599 against employer-funded workers’ compensation benefits when an employee is temporarily totally disabled. Id.
K-Mart concedes that it is asking this court to act in a manner inconsistent with the ruling of the Louisiana Supreme Court in Pitre but suggests that the reasoning of Pitre is flawed and that is should not be followed. Instead, they suggest that we should follow the reasoning of Garrett. We decline this invitation. If this issue is to be revisited, it is best revisited by our supreme court which authored both Garrett and Pitre.
K-Mart is not entitled to a credit for the private compensation payments that it made in proportion to Social Security disability payments received by Turner. Thus, K-Mart’s request is denied.

DECREE

In the instant matter, the Worker’s Compensation judge determined that the employee was temporarily totally disabled. For the reasons expressed, we affirm the Worker’s Compensation Judge’s decision. Further, we affirm the decision that K-Mart is not entitled to any credits or offsets.
AFFIRMED.