# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-603

MAY YEN, ET AL.

VERSUS

AVOYELLES PARISH POLICE JURY, ET AL.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2002-4312-A
HONORABLE MARK A. JEANSONNE, DISTRICT COURT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

John Albert Ellis
Monique Freeman Rauls
Louisiana Department of Justice
Division of Risk Litigation
P. O. Box 1710
Alexandria, LA 71309
Telephone: (318) 487-5944
COUNSEL FOR:
    Defendant/Applicant - State of Louisiana through the Department
    of Public Safety
Karen H. Freese

**Jeffrey Allen Mitchell**
**Darryl M. Phillips**
**1580 LL&E Tower**
**909 Poydras Street**
**New Orleans, LA 70112**
**Telephone: (504) 588-1580**
**COUNSEL FOR:**

**Plaintiffs/Respondents - May Yen, As Legal and Natural Tutrix of Her Minor Children, Lainee Yen and Elijah Yen and Chantell Moten, As Legal and Natural Tutrix of Her Minor Children, Lenard Moten and Lentrell Moten**

THIBODEAUX, Judge.

This case involves a medical malpractice claim filed against the State of Louisiana by the heirs of a state prisoner. The state prisoner died from a sickle cell crisis while incarcerated. His statutory heirs, the plaintiffs, allege the failure of the State to respond appropriately to his crisis. The plaintiffs did not go through a medical review panel. The State argues that the plaintiffs were required to go through a medical review panel because the exemption for a state prisoner under La.R.S. 40:1299.39.1(A)(1) only applies if the prisoner brought the suit. The trial court ruled against the State and dismissed its exceptions of lack of subject matter jurisdiction and prematurity. We agree and affirm the judgment of the trial court.

## I.

### ISSUE

We must decide whether the heirs of a deceased state prisoner are exempted under La.R.S. 40:1299.39.1(A)(1) from going through a medical review panel before bringing suit.

## II.

### FACTS

Mr. Leonard Robinson was a state prisoner incarcerated at the Avoyelles Correctional Center, a state facility under the Department of Public Safety and Corrections. Mr. Robinson died in state custody due to illness caused by sickle cell anemia. During his incarceration, Mr. Robinson did not file a claim against the state facility alleging medical malpractice. After his death, plaintiffs, the heirs of Mr. Robinson, filed a wrongful death and survival action. The suit alleged that the State committed medical malpractice and, thus, caused Mr. Robinson's death. The State

1

excepted to the suit on the basis of prematurity and lack of subject matter jurisdiction. The district court denied the exceptions. Thereafter, this appeal was filed.

## III.

## LAW AND DISCUSSION

In this case we are called on to interpret a provision of the Medical Liability for State Services Act (MLSSA). "The interpretation of a statute . . . is a question of law which mandates a *de novo* review." *Comeaux v. City of Crowley*, 00-928, pp. 3-4 (La.App. 3 Cir. 12/6/00), 773 So.2d 899, 901-02, *affirmed*, 01-0032 (La. 7/3/01), 793 So.2d 1215.

Section 12:99.39.1(A)(1) of MLSSA provides in pertinent part:

> A. (1) All malpractice claims against the state, its agencies, or other persons covered by this Part, **other than claims wherein the patients are prisoners** and claims compromised or settled by the claimant and the division of administration with the concurrence of designated legal counsel for the state, shall be reviewed by a state medical review panel established as provided in this Section, to be administered by the commissioner of administration, hereinafter referred to as commissioner.

(Emphasis added).

The State argues that the phrase "other than claims wherein the patients are prisoners" should be interpreted to mean that only claims brought by the prisoner himself are exempt from going through a medical review panel before bringing suit. The State argues that, in cases where prisoners are patients, the rationale is one of avoiding redundance. An administrative procedure not available to private unincarcerated persons is available to state prisoners and, thus, the administrative guard on frivolous claims is already in place for prisoners.

2

The State points to § 1299.39(E)(1) to support this argument. Section

(E)(1) provides:

> Unless the medical malpractice claim is first compromised and settled in accordance with Subsection H of this Section or unless the state, through the concurrence of the office of risk management and the legal counsel representing the state against such claim, waive the medical review panel procedure, all medical malpractice claims by their **patients or their representatives** arising from the right created and granted by Subsections C and D of this Section shall be submitted to administrative review in accordance with this Subsection before such right in individual claims can become sufficiently existent to be susceptible of judicial recognition or adjudication. **The medical malpractice claims of prisoners** arising under this Part shall be submitted to correctional administrative review procedures established for administrative hearings in the correctional environment or established in accordance with express law, including R.S. 15:1171 et seq., R.S. 49:964, and the administrative rules and regulations pertaining thereto. All other medical malpractice claims arising under this Part shall be submitted to a medical review panel in accordance with R.S. 40:1299.39.1.

(Emphasis added).

The State contends that the first part of this provision refers to claims of patients and

their representatives while the second part of the provision mentions only claims of

prisoners and not representatives. The State then infers that, because of the omission

of "representatives" from the second part, which requires submission to a Corrections

Administrative Review Procedure (CARP) as required by La.R.S. 15:1177,[1] rather

than a medical review panel, representatives must use the medical review panel. The

State concludes that the plain language of the statute does not exempt representatives

from the medical review panel process, notwithstanding the term being clearly defined

in the statute, but in fact exempts only prisoners.

---

[1] CARP was declared unconstitutional by *Pope v. State*, 99-2559 (La. 6/29/01), 792 So.2d 713.

3

A statute that grants immunities or advantages to a special class in derogation of general rights available to tort victims must be strictly construed against limiting the tort claimants' rights against the wrongdoer. *Touchard v. Williams*, 617 So.2d 885 (La.1993); *Galloway v. Baton Rouge Gen. Hosp.*, 602 So.2d 1003 (La.1992). Because both the Public and Private Medical Malpractice Acts limit the liability of health care providers in derogation of the general rights of tort victims, any ambiguities in these Acts should be strictly construed against coverage. *See Lange v. Earl K. Long Med. Ctr.*, 97-1661 (La.App. 1 Cir. 6/29/98), 713 So.2d 1195, *writ denied*, 98-2061 (La. 11/13/98), 730 So.2d 935; *Kelty v. Brumfield*, 93-1142 (La. 2/25/94), 633 So.2d 1210. Thus, La.R.S. 40:1299.39.1(A)(1) cannot be interpreted to expand and extend the requirements for submission to a medical review panel when the specific wording of the statute does not provide for coverage.

"When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. "[O]ther than claims wherein the patients are prisoners" is the phrase in dispute in this case. A clear interpretation of this phrase is that claims, where the patient is a prisoner, are exempted from going through a medical review panel. The statute does not make any reference to a situation where the claimant or plaintiff is a prisoner. It refers specifically to "claims" wherein the patients are prisoners.

In addition, the definition of "patient" in the statute helps in interpreting this provision. "Patient" is defined in § 1299.39(A)(3) as follows:

> "Patient" means a natural person who receives, or should have received, health care from a person covered by this Part and any other natural person or persons who would or may have a claim or claims for damages under applicable law arising out of, or directly related to, the claim or claims of the natural person who receives, or

4

should have received, health care from a person covered by this Part.

This definition of "patient" includes claims by persons other than the person who received health care. Thus, the phrase "other than claims wherein patients are prisoners" would exclude claims by patients who are prisoners and claims of a person that arose from the claim of the prison patient.

In this case, the wording of the statute is clear and unambiguous and no further interpretation may be made in search of the intent of the legislature. Further speculation of the intent of the legislature by the State was unnecessary. The statute excludes claims where the patient is a prisoner and claims by persons other than the prisoner himself. To hold otherwise would place us in the anomalous position that, if a prisoner survived, the claims would not have to be submitted to a panel; however, if the prisoner died, as in this case, his heirs' procedural hurdles become more onerous. The heirs of the prisoner in this case should not be required to go through a medical review panel when the specific wording of the statute excludes them from this process.

IV.

**CONCLUSION**

The judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant.

**AFFIRMED.**