PETTIGREW, J.
 

 |2This is an appeal from the Twenty-Second Judicial District Court’s judgment granting defendant’s exception raising the objection of lack of subject matter jurisdiction and dismissing, with prejudice, plaintiffs claims. For the reasons that follow, we affirm as amended.
 

 FACTS AND PROCEDURAL HISTORY
 

 Plaintiff, Sean C. Walker, a state prisoner at Washington Correctional Institution, filed a petition for damages alleging medical malpractice against Drs. Jayagopay Appurao and Hamid Hussain related to treatment he received at Bogalusa Medical Center, an outside state-operated medical facility. Prior to filing suit, Mr. Walker sought no review of his medical malpractice claim either within the prison’s administrative review process or before a state medical review panel. In response to said petition, the State of Louisiana, through Drs. Appurao and Hussain, filed an exception raising the objection of lack of subject matter jurisdiction. Following a hearing on said matter, the trial court granted the exception and dismissed, with prejudice, Mr. Walker’s claims. At the request of Mr. Walker, the trial court issued written reasons for its judgment as follows:
 

 Pursuant to the provisions of La. R.S. 40:1299.39, et seq. (Malpractice Liability for State Services Act), defendants are state health care providers and any medical malpractice claim against them must be brought before a medical review panel, as set forth in La. R.S. 40:1299.39 E(l) before any suit may be commenced in this court. The act requires administrative review as an absolute prerequisite to the filing of suit.
 

 This appeal by Mr. Walker followed. Citing
 
 Yen v. Avoyelles Parish Police Jury,
 
 2003-603 (LaApp. 3 Cir. 11/5/03), 858 So.2d 786, Mr. Walker argues that pursuant to La. R.S. 40:1299.39.1(A)(l)(a), prisoners are not required to submit their medical malpractice claims to a medical review panel prior to filing suit. We disagree with the
 
 Yen
 
 court’s analysis of the provisions of the Malpractice Liability for State Services Act (“MLSSA”) and find no merit to Mr. Walker’s argument on appeal.
 

 DISCUSSION
 

 Where the third circuit and Mr. Walker go awry in analyzing the MLSSA is by failing to read the provisions of La. R.S. 40:1299.39.1
 
 in pari materia
 
 with the provisions of La. [oR.S. 40:1299.39. Although the plain language of La. R.S. 40:1299.39.1(A)(l)(a)
 
 [1]
 
 exempts prisoners with medical malpractice claims from the medical review panel process, this does not mean that prisoners are completely exempt from administrative review in the realm of medical malpractice claims.
 
 *577
 
 Rather, La. R.S. 40:1299.39(E)(1) clearly states that the medical malpractice claims of prisoners arising under the MLSSA “shall be submitted to correctional administrative review procedures established for administrative hearings in the correctional environment or established in accordance with express law, including R.S. 15:1171 et seq., R.S. 49:964, and the administrative rules and regulations pertaining thereto.”
 
 [2]
 
 La. R.S. 40:1299.39(E)(1). This section of the MLSSA continues, mandating that “[a]ll other medical malpractice claims arising under this Part shall be submitted to a medical review panel in accordance with R.S. 40:1299.39.1.” The reference in La. R.S. 40:1299.39.1(A)(l)(a) to all malpractice claims against the state “other than claims wherein the patients are prisoners” being subject to review by a state medical review panel simply refers back to La. R.S. 40:1299.39(E)(1), wherein the administrative guard against frivolous medical malpractice claims by prisoners is already in place through CARP.
 

 | CONCLUSION
 

 Accordingly, because Mr. Walker failed to exhaust his administrative remedies pri- or to filing suit in the district court, the district court lacked subject matter jurisdiction to consider this claim.
 
 See Larrieu v. Wal-Mart Stores, Inc.,
 
 2003-0600, p. 9 (La.App. 1 Cir. 2/23/04), 872 So.2d 1157, 1162 (where the law provides for an administrative remedy, a claim must be processed through the administrative channels before a trial court will have subject matter jurisdiction to entertain the claim);
 
 Swanson v. Department of Public Safety and Corrections,
 
 2001-1066, p. 5 (La.App. 1 Cir. 6/21/02), 837 So.2d 634, 637 (inmate’s failure to exhaust administrative remedies pursuant to CARP deprived trial court of subject matter jurisdiction over inmate’s complaint). Thus, we affirm that portion of the trial court’s judgment granting defendant’s exception raising the objection of lack of subject matter jurisdiction. However, we amend the judgment to provide for dismissal of Mr. Walker’s claims without prejudice. All costs associated with this appeal are assessed against Mr. Walker.
 

 AFFIRMED AS AMENDED.
 

 [1]
 

 . Louisiana Revised Statutes 40:1299.39.1(A)(1)(a) provides, in pertinent part, as follows:
 

 A. (l)(a) All malpractice claims against the state, its agencies, or other persons covered by this Part, other than claims wherein the patients are prisoners and claims compromised or settled by the claimant and the division of administration with the concurrence of designated legal counsel for the state, shall be reviewed by a state medical review panel established as provided in this Section, to be administered by the commissioner of administration, hereinafter referred to as commissioner.
 

 [2]
 

 . Mr. Walker argues on appeal that pursuant to
 
 Pope v. State,
 
 99-2559 (La.6/29/01), 792 So.2d 713, original jurisdiction for prisoner suits sounding in tort lies in the district courts, rather than in the Department of Corrections’ administrative tribunal. However, this argument ignores the legislature’s subsequent amendment to the Corrections Administrative Remedy Procedure ("CARP”), La. R.S. 15:1171, et seq. In
 
 Pope,
 
 the Louisiana Supreme Court held that certain provisions of CARP were unconstitutional to the extent that they divested the district courts of original jurisdiction over tort actions filed by inmates against the Department of Public Safety and Corrections and its employees.
 
 Pope,
 
 99-2559 at 13, 792 So.2d at 721. The unlawful provisions essentially allowed the Department of Public Safety and Corrections to adjudicate its own delictual liability in tort actions, and required the district courts to give manifest error deference to such adjudications.
 
 Id.
 
 Subsequent to
 
 Pope,
 
 the legislature amended portions of CARP by 2002 La. Acts No. 89 § 2, effective April 18, 2002. As part of the new procedure enacted, an offender is required to initiate administrative remedies for delictual actions within 90 days of the date of injury or damage. If initiation is untimely, the delictual claim is considered abandoned. La. R.S. 15:1172. Moreover, once an administrative decision regarding a delictual action is rendered, the prisoner then has the right to file his claim as an original civil action in district court. La. R.S. 15:1177(C).