JaGONZALES, Judge.
This is an appeal from a judgment ordering that a defendant’s criminal record of arrest and disposition in a felony case be expunged by all agencies and law enforcement offices possessing the record.
FACTS AND PROCEDURAL HISTORY
On May 29, 1991, the defendant, L.B., was arrested and charged with possession of cocaine, a felony, in violation of La.R.S. 40:967(C). On August 12, 1992, she pled guilty and received a 3 year suspended sentence, 1 year probation, and a $1,500.00 suspended fine. On September 23, 1993, the trial court found that the defendant had satisfactorily completed her probation and ordered that the proceedings against her be dismissed pursuant to La.C.Cr.P. art. 893.[2]
*181 The defendant subsequently filed a motion for expungement, and a hearing on the motion was held by the trial court on September 13, 1995. Following the hearing, the trial court rendered judgment on September 18, 1995, ordering expungement by all agencies and law enforcement offices possessing a record of the defendant’s arrest and disposition. In granting the expungement, the trial court indicated that it was enforcing a plea bargaining arrangement.[3]
l3The State appeals, contending that the trial court erred in granting the expungement.
EXPUNGEMENT OF RECORDS
As of the date of the judgment of expungement, September 18, 1995, expungement was not possible under La.R.S. 44:9(B), because this statute was repealed by 1995 La. Acts No. 1251, § 3, effective August 15, 1995.[4] Therefore, at the time the judgment was signed, the trial court did not have authority to grant the defendant’s motion for expungement. A court must have subject matter jurisdiction in order to have power and authority to render judgment. Subject matter jurisdiction is non-waiveable and the lack of it can be recognized by this court on its own motion at any time. A judgment rendered by a court which has no jurisdiction over the subject matter of the action is void. La.C.C.P. arts. 3 and 2002; Boeing Company v. Louisiana Department of Economic Development, 94-0971 (La.App. 1st Cir.1995), 657 So.2d 652, 659. Thus, this court must reverse the trial court’s judgment for lack of subject matter jurisdiction.
In the First Extraordinary Session of 1996, the legislature passed 1996 La. 1st Ex.Sess.Act 5, effective March 24, 1996, which reenacts La.R.S. 44:9(B). Regarding expungement of misdemeanor or felony records, Act 5 provides as follows:
Section 2. R.S. 44:9(B) is hereby enacted to read as follows:
§ 9. Records of violations of municipal ordinances and of state statutes classified as a misdemeanor or felony
[[Image here]]
B.(l) Any person who has been arrested for the violation of a felony offense or who has been arrested for a violation of R.S. 14:34.2, R.S. 14:34.3, or R.S. 14:37 may make a written motion to the district court for the parish in which he was arrested for the expungement of the arrest record if:
|4(a) The district attorney declines to prosecute, or the prosecution has been instituted, and such proceedings have been finally disposed of by acquittal, dismissal, or sustaining a motion to quash; and
(b) The record of arrest and prosecution for the offense is without substantial probative value as a prior act for any subsequent prosecution.
(2) If, after a contradictory hearing with the district attorney and the arresting law enforcement agency, the court finds that the mover is entitled to the relief sought for the above reasons, it shall order all law enforcement agencies to expunge the record of the same in accordance herewith. However, nothing in this Paragraph shall limit or impede the authority under law to *182 consider prior arrests or convictions in pursuing prosecution under multiple offender provisions or impede the investigation of any law enforcement official seeking to ascertain or confirm the qualifications of any person for any privilege or license authorized by law.
Since this new legislation was introduced, passed, and signed by the governor after this appeal was lodged and briefed, we express no opinion regarding its effect on this ease. Apparently, if the defendant chooses to re-urge her motion for expungement, the new legislation will apply, and expungement can only be granted if: (1) the prosecution is not pursued by the district attorney, or a prosecution which has been instituted is finally disposed of by acquittal, dismissal, or sustaining a motion to quash, and (2) the record of arrest and prosecution for the offense is without substantial probative value as a prior act for any subsequent prosecution, and (3) a contradictory hearing is held with the district attorney and the arresting law enforcement agency.
DECREE
For the foregoing reasons, we REVERSE the judgment of the trial court.
FITZSIMMONS, J., concurs and assigns reasons.

. We note that former La.R.S. 40:983 (repealed by 1995 La. Acts No. 1251, § 2, effective August 15, 1995) is the proper statute under which the trial court should have decided defendant’s entitlement to dismissal of this first offense drug possession proceeding, as this statute specifically addressed the conditional discharge of a first offense violation of La.R.S. 40:967(C). However, where the record shows that a plea has been taken which is procedurally infirm, there is an issue as to whether or not such a plea can constitute an acquittal. A plea under such circumstances has been found in at least one case to constitute a basis for impeachment as a prior conviction. See State v. Becnel, 95-591, (La.App. 5th Cir. 1/30/96), 668 So.2d 1281, 1284-1285.

. The transcript of the defendant's Boykin examination contains the following statement by the trial court:
[Court]: All right. Well, Ms. B., I'm going to go ahead and impose sentence on you. You have been informed by your attorney what the plea bargain is, I should say the sentencing arrangement; there is no plea bargain.
Apparently, there was no plea bargaining arrangement with the prosecutor in this case; therefore, no issues existed as to the enforceability of a plea agreement or unfulfilled promises by the prosecutor. For example, see State v. Louis, 94-0761 (La. 11/30/94), 645 So.2d 1144. However, there was a sentencing agreement with the trial court. At the time the court made this sentencing agreement permitting a later ex-pungement, it had the power to do so.

. By 1995 La. Acts No. 1251, effective August 15, 1995, the legislature repealed La.R.S. 40:983 (suspension of first time drug possession sentence); La.R.S. 40:2533(C) (expungement of formal complaint against law enforcement officer); La.R.S. 44:9(B) (destruction of misdemeanor or felony record in which there was a nolle prose-qui, acquittal, or dismissal); La.C.Cr.P. art. 893(D) (suspension of first time felony sentence); La.C.Cr.P. art. 894(B) (suspension of first time misdemeanor sentence); and La.Ch.C. arts. 917 through 922 (expungement of certain juvenile delinquency reports and records).