Dear Mr. Waitz:
Your request for an Attorney General Opinion was forwarded to me for research and reply. Specifically, you asked the following questions:
 1) Does an assistant district attorney violate Louisiana Constitution, Article 5, Section 26(C), or any other state statute, if he makes an appearance on behalf of a criminal defendant in an expungement proceeding?
 2) If so, is that assistant district attorney subject to prosecution for malfeasance in office as defined in La. R.S. 14:134(2)?
Your first question involves Section 26 (C) of Article 5 of the Louisiana Constitution, which states in pertinent part:
 (C) Prohibition. No district attorney or assistant district attorney shall appear, plead, or in any way defend or assist in defending any criminal prosecution or charge. A violation of this Paragraph shall be cause for removal.
The dispositive issue here is whether an expungement proceeding is a "criminal prosecution or charge" as set forth above. By its very definition, expungement is a proceeding adverse to the prosecuting entity, in which a criminal defendant files a motion seeking expungement on the grounds that the prosecution failed to pursue or obtain a criminal conviction. This assertion is bolstered by the language in La. R.S. 44:9, which clearly articulates the procedures and requirements necessary for an expungement to occur. Subsections B(2) and C(2) both state that the court may find that the mover is entitled to relief only after "a contradictory hearing with the district attorney and the arresting law enforcement agency." Further, the proceeding is brought in a criminal court, and is thus a criminal proceeding brought for the benefit of the defendant. See State v.L.B., 95-2116 (La.App. 1 Cir. 5/30/96), 676 So.2d 179. Thus, an attorney representing a criminal defendant in such a proceeding would be considered to be assisting in defending a criminal prosecution or charge. Therefore, in response to your first question, an assistant district attorney who represents a criminal defendant in an expungement proceeding is in violation of the Louisiana Constitution Article 5, Section 26(C).
La. C.Cr.P. art. 65 also prohibits district attorneys or assistant district attorneys from entering into an attorney-client relationship with a criminal defendant for the purposes of rebutting a criminal charge. It states in even broader terms:
 It is unlawful for the following officers or their law partners to defend or assist in the defense of any person charged with an offense in any parish or the state:
 (1) Any district attorney or assistant district attorney;
Therefore, it is also the opinion of this office that an assistant district attorney who represents a criminal defendant in an expungement proceeding would also be in violation of La. C.Cr.P. art. 65. Both of the above conclusions are supported by the language of La. R.S. 16:1, which indicates that district attorneys and their assistants should represent the state in all actions involving the state, both criminal and civil.
Your second question involves La. R.S. 14:134 (2), which states in pertinent part:
 Malfeasance in office is committed when any public officer or public employee shall:
 (2) Intentionally perform any such duty in an unlawful manner . . .
A prerequisite to a violation of this provision is general criminal intent. Whether or not the assistant district attorney would be subject to prosecution under this provision is at the discretion of the district attorney for each district, based on his determination of the existence of general criminal intent.
Therefore, it is the opinion of this office that an assistant district attorney who represents a criminal defendant in an expungement proceeding is in violation of both Louisiana Constitution Article 5, Section 26(C) and La. C.Cr.P. art. 65. Further, the decision regarding prosecution of the assistant district attorney for malfeasance in office under La. R.S. 14:134
(2) is within the discretion of the district attorney of each district.
I hope this opinion adequately addresses your questions. If this office can be of further assistance, please do not hesitate to contact us. With best wishes, I remain
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________ Ellison C. Travis Assistant Attorney General
ECT/kdw