837 So.2d 634 (2002)
William SWANSON
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al.
No. 2001 CA 1066.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
Benn Hamilton, Baton Rouge, Counsel for Plaintiff/Appellee William Swanson.
Debra A. Rutledge, Baton Rouge, Counsel for Defendants/Appellants The Louisiana Department of Public Safety and Corrections and Washington Correctional Institute.
Before: CARTER, C.J., FOIL, FITZSIMMONS, DOWNING, and LANIER[1], J.J.
WALTER I. LANIER, JR., J.
This is an action for injunctive relief brought by a prisoner, William Swanson, in the custody of the Louisiana Department of Public Safety and Corrections (DPSC). In his petition, the plaintiff asserts this action is being brought pursuant to the Prison Litigation Reform Act (PLRA), La. R.S. 15:1181 et seq. The plaintiff prays for a temporary restraining order (TRO), a preliminary injunction and a permanent injunction prohibiting DPSC from (a) keeping him in extended lock-down, (2) tampering with his medication, food supply or urinalysis results, and (3) refusing to grant him a geographical and medical transfer to Hunt's Correctional Center. The trial court judge issued a TRO prohibiting DPSC from tampering with plaintiff's medication, food supply or urinalysis results. At the hearing for the preliminary injunction on February 8, 2001, the trial court judge stated the following:
The original request for the TRO and request for injunction included other items, included prohibiting the department from keeping Mr. Swanson in extended lockdown and asking that the *635 department be ordered to transfer him to a different facility. I had struck those portions of the TRO under the understanding that those are subject to the administrative review process that has been in place for a number of years for all adult inmates in the custody of the Department of Corrections. (Emphasis Added.)
The trial court then took evidence on whether a preliminary injunction should be issued on the tampering claims. After the taking of evidence was concluded, the trial court judge gave the following pertinent reasons for judgment:
The test for a granting of a preliminary injunction is whether the petitioner has made out a prima facias [sic] case that they could prevail on the merits, not that they've actually proved their entire case on the merits. In this case, Mr. Swanson has complaints about what he contends are problems that he has received or that he has experienced at the prison. There has been limited proof of any tampering, but clearly Mr. Swanson believes there has been tampering of his medication, his food supply and his urinalysis results.

* * *

There have been no allegations and no proof here of any infringement on the constitutional rights. You may not like the way things are done, but they have the right to do it. That being said, I think there is no harm that could come to anyone by the issuance of an injunction in this case. All that is being asked is that the institution not tamper with his medication, his food supply or his urinalysis results. As indicated, I don't believethough there has been perhaps a prima facie case, I personally am not convinced there has been any tampering but again, I see no harm to come from the granting of this injunction and since it may help to alleviate what has become a difficult situation for both sides in this matter, I am going to grant the injunction prohibiting the department from tampering with the medication, food supply or urinalysis results of inmate William Swanson. (Emphasis added.)
DPSC took this devolutive appeal.

SUBJECT MATTER JURISDICTION
La. R.S. 15:1184 A(2) of the PLRA provided as follows:

No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice. However, the prisoner shall be prohibited from filing any subsequent suits in forma pauperis based on the same claim or claims. (Emphasis added.)
Administrative remedies are available for prisoners pursuant to the Corrections Administrative Remedy Procedure law (CARP), La. R.S. 15:1171 et seq. Pursuant to La. R.S. 15:1171B "all claims seeking ... injunctive ... relief" are covered by CARP and "[s]uch administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows." La. R.S. 15:1172B provides as follows:

No state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative remedy procedure unless and until the offender shall have exhausted the remedies as provided in said procedure. If the offender has failed timely to pursue administrative remedies *636 through this procedure, any petition he files shall be dismissed. If at the time the petition is filed the administrative remedy process has not yet been completed, the court shall stay the proceedings for ninety days to allow for completion of the procedure and exhaustion of the remedies thereunder. (Emphasis added.)
La. R.S. 15:1177 A(3) and A(5) and D provide as follows:
(3) Within thirty days after service of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs related thereto. The court may require or permit subsequent corrections or additions to the record.

* * *
(5) The review shall be conducted by the court without a jury and shall be confined to the record. The review shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. In cases of alleged irregularities in procedure before the agency, proof thereon may be taken in the court.

* * *
D. This Section shall provide the exclusive procedure and standard for review for all offenders as defined seeking review under this Part.
In Robinson v. Parole & Probation, Department of Public Safety & Corrections, XXXX-XXXX, p. 3 (La.App. 1 Cir. 9/28/01), 819 So.2d 1031, 1032-33 appears the following:
As in any case before this court, the first issue to be considered is whether the case is properly before the court and whether there is a basis for jurisdiction. Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. C.C.P. art. 1; Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, 99-0863 (La.App. 1 Cir. 12/20/00), 774 So.2d 1193, 1196 (on rehearing en banc), writ granted, XXXX-XXXX (La.6/1/01), 793 So.2d 188. It is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. Id. at 1197. In this case, the commissioner and the trial court did not have jurisdiction over Mr. Robinson's claim because he failed to exhaust administrative remedies available to him under the Corrections Administrative Remedy Procedure (CARP), La. R.S. 15:1171 et seq., prior to filing this application for a writ of habeas corpus in the district court.
Pursuant to CARP, the DPSC adopted an administrative remedy procedure for receiving, hearing and disposing of any and all complaints and grievances by offenders against the State which arise while an offender is within the custody or under the supervision of the DPSC. As previously indicated, injunctive relief is such a claim. La. R.S. 15:1171 B. The administrative procedures in CARP provide the exclusive remedy available to offenders for preserving this cause of action against DPSC. La. R.S. 15:1171(B); La. R.S. 15:1172 B; La. R.S. 15:1172 A; see also King v. State, Department of Public Safety and Corrections, 98-2910 (La.App. 1 Cir. 2/18/00), 754 So.2d 1119, 1121. Concomitantly, *637 no state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative remedy procedure unless and until the offender shall have exhausted the remedies as provided in said procedure. La. R.S. 15:1172 B; Id. If the offender has failed to timely pursue administrative remedies through this procedure, any petition he files shall be dismissed. La. R.S. 15:1172 B and 15:1184 A(2).
In paragraphs 11 and 23 of his petition, Swanson indicates that he has complied with La. R.S. 15:1171. However, the record before us does not reflect that he did. Although it is required by La. R.S. 15:1177A(3) and (5), there is no record of a CARP administrative proceeding in the record before us.
Pursuant to La. R.S. 15:1171 B, claims for injunctive relief must go through a CARP administrative proceeding before any further action is taken. Pursuant to La. R.S. 15:1184 A(2), relief under PLRA is not available "until such administrative remedies as are available are exhausted."
Pursuant to the authority of La. C.C.P. art. 2132, we ordered the trial court judge to cause the record on appeal to be supplemented with the CARP administrative record, or file reasons stating why he was unable to do so. The trial court has advised that there is no CARP record.
Because the above described administrative remedies provide the exclusive remedy available to an offender for complaints or grievances, Swanson's application for injunctive relief in the district court should have been processed through administrative channels before being reviewed by the commissioner and trial court at the Nineteenth Judicial District Court. Thus, the district court did not have subject matter jurisdiction over Swanson's claim and its judgment is void. La. C.C.P. art. 3; State v. L.B., 95-2116 (La.App. 1 Cir. 5/30/96), 676 So.2d 179, 181; Boeing Company v. Louisiana Department of Economic Development, 94-0971 (La.App. 1 Cir. 6/23/95), 657 So.2d 652, 659. For these same reasons, this court does not have subject matter jurisdiction to hear this case.
Pursuant to the authority of La. R.S. 15:1172 B and 15:1184 A(2), the petition for injunctive relief filed by Swanson is dismissed without prejudice.

DECREE
For the foregoing reasons, the judgment of the trial court granting a preliminary injunction in favor of Swanson against DPSC is vacated and judgment is rendered in favor of DPSC and against Swanson dismissing his petition without prejudice. Swanson is cast for all costs.
JUDGMENT VACATED; PETITION DISMISSED.
FITZSIMMONS, J., dissents and assigns reasons.
FITZSIMMONS, Judge, dissenting with reasons.
I respectfully dissent from the opinion of the majority. I would affirm the decision of the trial court.
With respect to the analysis in this court's opinion relative to its dismissal of the claim, the procedure employed by the court to have the record supplemented raises serious concerns. I submit that the case should have been remanded to the trial court for its receipt and consideration of applicable agency records dealing with any administrative remedy request(s) by defendant involving tampering with his medication, food supply or urinalysis results.[2] *638 Louisiana Code of Civil Procedure article 2164 provides for such a remand for the introduction of additional evidence if grave injustice might result from failure to do so. MMR-Radon Constructors, Inc. v. Continental Insurance Company, 97-0159, p. 5 (La.App. 1 Cir. 3/3/98), 714 So.2d 1, 4, writ denied, 98-1485 (La.9/4/98), 721 So.2d 915.
Pursuant to La. C.C.P. art. 2088, the jurisdiction of the trial court had been divested when that of the appellate court attached. Armand v. State, Department of Health and Human Resources, 97-2958, p. 22 (La.App. 1 Cir. 2/23/99), 729 So.2d 1085, 1095, writ denied, 99-0842 (La.5/14/99), 741 So.2d 661. Thus, this court is prohibited from supplementing the record on appeal with evidence. Such action would constitute the taking of evidence and the exercise of original jurisdiction in a matter in which this court is not vested with authority. MMR-Radon Constructors, Inc., 97-0159, 714 So.2d at 4.
In the instant matter, however, instead of remanding the matter for the receipt of evidence, it appears that this court retained jurisdiction while it perfunctorily ordered the Nineteenth Judicial District Court to obtain what presents to be an ex parte supplementation of the record from the Department of Corrections. The trial court, thereafter, communicated with the Department of Corrections, resulting in the trial court's receipt of a statement regarding the issue of administrative proceedings from the Department of Corrections purportedly submitted on its behalf by "Debbie Rutledge." Finally, and respectfully, in addition to the violations of the procedural requisites regarding the introduction of evidence and jurisdiction of a court, the transmittal does not even indicate whether the plaintiff was ever properly notified of the court's request regarding the existence of a requisite administrative hearing. Thus, in my opinion the record has never validly been supplemented, and the action taken by this court exceeded the parameters of its review.
NOTES
[1] The Hon. Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeals, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] At a minimum, it would have been appropriate to remand it to the trial court to allow the court its discretionary right to "order that additional evidence be taken before the agency upon conditions determined by the court." La.R.S. 15: 1177 A(4).