819 So.2d 1031 (2001)
Kenneth ROBINSON
v.
PAROLE & PROBATION DIVISION, DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS.
No. 2000 CA 1574.
Court of Appeal of Louisiana, First Circuit.
September 28, 2001.
Opinion on Limited Grant of Rehearing July 11, 2002.
Kenneth Robinson, Slidell, Plaintiff/Appellant, In Proper Person.
William L. Kline, Baton Rouge, Counsel for Defendant/Appellee, Parole & Probation Division, Department of Public Safety & Corrections.
Before: GONZALES, KUHN, and CIACCIO,[1] JJ.
*1032 GONZALES, Judge.
This matter arises from the trial court's dismissal of an inmate's application for a writ of habeas corpus. According to the inmate, Mr. Kenneth Robinson, the trial court erred in failing to order his release and reinstatement to parole status after the State of Louisiana allegedly failed to timely extradite him from the State of Arizona.

FACTUAL AND PROCEDURAL BACKGROUND
According to Mr. Robinson's application for a writ of habeas corpus, he was convicted for the offense of armed robbery in the Twenty-Second Judicial District Court, Washington Parish, in 1991. He claimed he was sentenced to a term of incarceration of twelve years but was released after serving six years. Mr. Robinson also claimed he was paroled to Phoenix, Arizona. He alleged he was arrested in Phoenix in August of 1998 and was ultimately returned to Louisiana in November of 1998. He allegedly appeared before the Louisiana Parole Board on December 4, 1998, and his parole was subsequently revoked.[2]
On February 17, 2000, Mr. Robinson filed the instant application for a writ of habeas corpus, contending the State of Louisiana, Division of Parole and Probation, failed to extradite him from Arizona within the 30-day time limit provided in La.C.Cr.P. art. 270 and in 18 U.S.C.A. § 3182, that the State provided no justifiable reason for the delay, and that he should be released from custody and reinstated to parole. The matter was considered by a commissioner in the Nineteenth Judicial District Court, who recommended Mr. Robinson's application be dismissed without prejudice.[3] On March 17, 2000, the trial court signed a judgment dismissing Mr. Robinson's suit.
Mr. Robinson appeals from this adverse judgment, contending the trial court erred by failing to order his reinstatement to parole.

DISCUSSION
As in any case before this court, the first issue to be considered is whether the case is properly before the court and whether there is a basis for jurisdiction. Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. C.C.P. art. 1; Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, 99-0863 (La.App. 1 Cir. 12/20/00), 774 So.2d 1193, 1196 (on rehearing en banc), writ granted, XXXX-XXXX (La.6/1/01), 793 So.2d 188. It is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. Id. at 1197. In this case, the commissioner and the trial court did not have jurisdiction over Mr. Robinson's claim because he failed to exhaust administrative remedies available to him under the *1033 Corrections Administrative Remedy Procedure (CARP), La. R.S. 15:1171 et seq., prior to filing this application for a writ of habeas corpus in the district court.
Pursuant to CARP, the Department of Public Safety and Corrections (DPSC) adopted an administrative remedy procedure for receiving, hearing, and disposing of any and all complaints and grievances by offenders against the State which arise while an offender is within the custody or under the supervision of the DPSC, even though the grievance or complaint is urged as a writ of habeas corpus. La. R.S. 15:1171(B). Such administrative procedures provide the exclusive remedy available to offenders for the purpose of preserving any cause of action claimed against the DPSC. La. R.S. 15:1171(B); La. R.S. 15:1172(A); King v. State, Department of Public Safety and Corrections, 98-2910 (La.App. 1 Cir. 2/18/00), 754 So.2d 1119, 1121. Concomitantly, no state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative remedy procedure unless and until the offender shall have exhausted the remedies as provided in said procedure. La. R.S. 15:1172(B). If the offender has failed to timely pursue administrative remedies through this procedure, any petition he files shall be dismissed. La. R.S. 15:1172(B).
As a parolee, Mr. Robinson remained within the legal custody of the DPSC at the time he was allegedly unreasonably detained in Arizona. La. R.S. 15:574.7(A); State v. Bradley, 99-364 (La.App. 3 Cir. 11/3/99), 746 So.2d 263, 266 ("Release on parole is a release from only [DPSC's] physical custody because [DPSC] still retains legal custody over the parolee.") Thus, Mr. Robinson's claim constitutes a complaint or grievance against the State which arose while he was an offender[4] within the custody of the DPSC.
Because the above described administrative remedies provide the exclusive remedy available to an offender for complaints or grievances, Mr. Robinson's application for a writ of habeas corpus should have been processed through administrative channels before being reviewed by the commissioner and trial court at the Nineteenth Judicial District Court. Thus, the district court did not have jurisdiction over Mr. Robinson's claim and its judgment is void. La. C.C.P. art. 3; State v. L.B., 95-2116 (La.App. 1 Cir. 5/30/96), 676 So.2d 179, 181; Boeing Company v. Louisiana Department of Economic Development, 94-0971 (La.App. 1 Cir. 6/23/95), 657 So.2d 652, 659.

DECREE
For the foregoing reasons, the judgment of the trial court is REVERSED. Costs of this appeal in the amount of $403.46 are to be divided equally between Mr. Robinson and the Department of Public Safety and Corrections.

ON REHEARING
PER CURIAM.
The Department of Public Safety and Corrections, Division of Probation and Parole, applied for rehearing in this case. The Department alleges this court's September 28, 2001 judgment is an absolute nullity, because the Department was not served with Mr. Robinson's writ application, was therefore never made a party to this suit, and cannot be cast in judgment for costs. We grant rehearing and reassess all costs of the appeal against Mr. *1034 Robinson. This mots the Department's argument on rehearing.

SUBJECT MATTER JURISDICTION
While the Department's application for rehearing was pending, this court rendered an en banc opinion in Madison v. Ward, 00-2842 (La.App. 1 cir. 7/3/02), ___ So.2d ___, which addresses the manner in which prisoner litigation is handled by the courts. Mr. Robinson's claim herein, like Mr. Madison's claim, is not a true writ of habeas corpus, even though styled as such. Rather, his complaint that the Department of Probation and Parole failed to timely extradite him is more properly classified as a grievance that must be processed through the administrative channels of CARP.
At the time of Mr. Robinson's appeal, this court lacked subject matter jurisdiction to review his claim, because CARP did not provide for an appeal from the district court, the first level of appellate review, to this court as a matter of right. Lightfoot v. Stalder, 00-1120 (La.App. 1 Cir. 6/22/01), 808 So.2d 710. Thus, we did not address this merits of the appeal. Although CARP has been amended to provide a second appeal of right to this court by 2002 La.Acts No. 89, effective April 18, 2002, this amendment is not applicable herein.
Therefore, we grant rehearing for the limited purpose of reassessing costs to Mr. Robinson.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Mr. Robinson alleges he was released from prison after serving six of twelve years of incarceration as a result of good time earned, but that he was discharged "as if on parole." We note that it is inconsistent to have completed a prison sentence but to then be on parole. We also note that parole is not available to a person convicted of armed robbery. See La. R.S. 14:64. However, the DPSC did not answer Mr. Robinson's suit, and these inconsistencies were not addressed below.
[3] The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5).
[4] For a history of the changing definition of the term "offender," see King v. State, Department of Public Safety and Corrections, 754 So.2d at 1121-1122.