872 So.2d 1157 (2004)
Lloyd Patrick LARRIEU, Linda B. Grene, and Karen V. Desselle
v.
WAL-MART STORES, INC., Winn-Dixie Louisiana, Inc., Walgreens Healthcare Plus, Inc., Eckerd Corporation, Radioshack Corporation, Office Max, Inc., Revco D.S., Inc. d/b/a Rite Aid, Sam's Wholesale Club, Discount Cigarette and Tobacco Company and does One Through Twenty.
No. 2003 CA 0600.
Court of Appeal of Louisiana, First Circuit.
February 23, 2004.
*1159 James T. Maughan, Roy H. Maughan, Jr., Harry L. Shoemaker, Robert E. Blackwell, Baton Rouge, for Appellant Plaintiff Lloyd Patrick Larrieu.
Deborah A. Howell, Paul S. West, Baton Rouge, for Appellees Defendants Wal-Mart Stores, Inc. Sam's East, Inc. and Office Max, Inc.
Robert Rainer, Frederick Mulhearn, Baton Rouge, for Appellees Defendants Ascension Parish Sales & Use Tax, Caddo-Shreveport Sales & Use Tax, Calcasieu Parish School Board, Iberia Parish School Board, Lafayette Parish School Board, Livingston Parish School Board, Vernon Parish School Board, St. Mary Parish Council, Rapides Parish, Tangipahoa Parish, Vermillion Parish.
Claire Babineaux-Fontenot, Jason R. Brown, E.M. Quijano, Baton Rouge, for Appellees Defendants Radio Shack Corporation Eckerd Corporation.
L. Lane Roy, Lafayette, for Appellee Defendant Lafayette Parish School Board.
Patrick M. Amedee, Metairie, for Appellee Defendant Lafourche Parish School Board Sales and Use Tax Division.
Lea Ann Batson, Baton Rouge, for Appellee Defendant City of Baton Rouge EBRP.
Olivia S. Tomlinson, Baton Rouge, Covert J. Geary, New Orleans, for Appellee Defendant Winn Dixie Louisiana, Inc.
Salvadore E. Gutierrez, Jr., Chalmette, for Appellee Defendant St. Bernard Parish.
Leland R. Galiaspy, Covington, for Appellee Defendant St. Tammany Parish.
John D. Schoonenberg, Houma, for Appellee Defendant Terrebonne Parish Sales & Use Tax.
Steven S. Levenson, Deerfield, for Appellee Defendant Walgreen Healthcare Plus, Inc.
Kenneth C. Fonte, David K. Gatto, Metairie, for Appellee Defendant Jefferson Parish.
Truly W. McDaniel, Bossier City, for Appellee Defendant Bossier City.
A. Gerald Caswell, Eunice, for Appellees Defendants St. Landry Parish School Board Acadia Parish School Board.
Geneva Landrum, Baton Rouge, for Appellee Defendant Louisiana Department Revenue.
Thomas A. Robichaux, New Orleans, for Appellee Defendant City of New Orleans.
Panel composed of Judges FRANK FOIL, BRADY M. FITZSIMMONS and EDWARD J. GAIDRY.
FOIL, J.
This appeal challenges the dismissal of a lawsuit seeking a sales tax refund filed against vendors who collected the tax, and local and taxing authorities to whom the taxes were remitted, where the claimants failed to seek administrative relief on their refund claims. We affirm.

BACKGROUND
The facts forming the basis of this appeal are largely undisputed. On January 17, 2001, Lloyd Larrieu, Linda Grene and Karen Desselle, residents of East Baton Rouge Parish, filed this lawsuit seeking a refund of overpaid sales taxes in the 19th Judicial District Court for the Parish of East Baton Rouge. Named as defendants in the litigation were Wal-Mart Stores, *1160 Inc., Winn Dixie Louisiana, Inc., Walgreens Health Care Plus, Inc., Eckerd Corporation, Radioshack Corporation, OfficeMax, Inc., Revco D.S. Inc., d/b/a Rite Aid, Sam's Wholesale Club, and Discount Cigarette and Tobacco Company (hereafter referred to as "vendors"). In the lawsuit, filed on behalf of the named plaintiffs and other similarly situated persons in the State of Louisiana, plaintiffs averred that on July 1, 1998, the state legislature passed a law subjecting prepaid calling cards to sales taxes at the state level to only a 3% rate. However, thereafter, the vendors collected sales tax in excess of that amount, collecting the traditional 4% sales tax and local sales taxes at the rate applicable to the taxing jurisdiction in which the businesses were operating (up to 9% of the purchase price). Plaintiffs asserted that the vendors were liable to them for all overcharges because they were negligent in calculating the tax due and because the vendors exceeded their authority by collecting the overcharges. Alleging that they purchased calling cards from one or more of the defendants in this action, plaintiffs sought to have their claims certified as a class action and to obtain a refund of the overcharges collected as sales taxes by the vendors after July 1, 1998.
Plaintiffs filed a supplemental petition naming Louisiana's Department of Revenue and Taxation and numerous local taxing authorities as defendants. They again sought class certification, and asserted that the East Baton Rouge Parish District Court was a court of proper venue as to all defendants, pursuant to La.Code Civ. P. art. 593 B, which makes venue in a class action proper where venue is proper as to any defendant in the class.
Various peremptory, dilatory and declinatory exceptions were filed on behalf of the defendants in the trial court. The vendors filed exceptions of no cause of action, no right of action and vagueness. Specifically, they asserted that plaintiffs did not have a cause of action against a vendor to obtain a sales tax refund, in light of the fact that the vendor is an involuntary agent of the state and is legally obligated to remit all amounts collected as sales taxes, even those amounts collected in excess of the tax rate provided by law, to the taxing authorities. The vendors also urged that plaintiffs did not have a cause of action or right of action in light of the tax law. First, they argued, the law provides the proper and exclusive means by which a taxpayer can seek recovery of an illegal tax, and asserted that the taxing authorities are the proper party defendants in an action seeking a refund, not vendors who simply collected the tax. Further, they posited, the plaintiffs did not have a cause of action to recover taxes paid as they did not comply with the procedural requirements set forth by law prior to filing suit to recover taxes illegally assessed.
The state filed an exception of lack of subject matter jurisdiction, asserting that the trial court lacked jurisdiction to adjudicate the taxpayers' claims for overcharges against the state, insisting that the Louisiana Board of Tax Appeals had sole jurisdiction over the refund claims. The local taxing authorities filed various exceptions, including prematurity and lack of subject matter jurisdiction based on the taxpayers' failure to exhaust their administrative remedies and improper venue. The taxing authorities of several parishes filed motions for summary judgment, arguing they were entitled to judgment as a matter of law because the named plaintiffs admitted they never purchased any calling cards at establishments failing under their taxing jurisdiction.
The trial judge granted the exception of no cause of action filed by the vendors, and *1161 granted the Department of Revenue's exception to the court's subject matter jurisdiction. The judge further sustained East Baton Rouge Parish's exception of prematurity, and sustained the exceptions of prematurity and improper venue filed by 17 local taxing authorities. Plaintiffs appealed these judgments, and the case was docketed as 2003CA0600.
Thereafter, another judge of the 19th Judicial District Court rendered judgment sustaining an exception of subject matter jurisdiction filed by the City of New Orleans and granting motions for summary judgment filed by the taxing authorities for the parishes of Terrebonne and Vernon. These judgments were appealed by plaintiffs and docketed in this court as 2003CA0934, also decided this day in a separate opinion.

NO CAUSE OF ACTION
We first address whether plaintiffs have a cause of action against the vendors to recover taxes collected by the vendors in excess of the legal rate, which was remitted by them to the proper taxing authorities or retained by the vendors as vendor compensation. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Industrial Companies, Inc. v. Durbin, 02-0665, p. 6 (La.1/28/03), 837 So.2d 1207, 1213. The exception is triable on the face of the petition, and well-pleaded allegations of fact in the petition must be accepted as true. Id.
Plaintiffs argue that there are three reasons why they have a cause of action against the vendors. First, they posit, under tax law, vendors act as agents of the state and local taxing authorities for the purpose of collecting and remitting taxes lawfully imposed. Plaintiffs argue that this court should apply the law of agency, specifically, La. Civ.Code art. 3019, and impose liability on the vendors under the theory that the vendors exceeded their authority as agents of the taxing authorities by collecting sales taxes on the calling cards not imposed by law.
We disagree. It is well settled that the laws regulating the collection of taxes are sui-generis and constitute a system to which the general provisions of the Civil Code have little, if any, application. Gillette Tire Distributors, Inc. v. City/Parish of East Baton Rouge, 345 So.2d 1255, 1256 (La.App. 1st Cir.1977). Under the tax law, the defendant vendors are each "declared to be an agent" of the state for the purpose of collecting and remitting sales taxes. La. R.S. 47:306 A(5). La. R.S. 47:304 I provides that the sums of money collected by the vendors for payment of sales taxes imposed by the State of Louisiana, or any such taxes imposed by any parish, municipality or political subdivision within the state, "shall be and remain the property of the taxing authority and deemed held in trust for the taxing authority." Further, La. R.S. 37:304 D provides that even where the vendor collects a tax in excess of the rate provided by the tax law, the total tax collected must be remitted to the taxing authority. Thus, contrary to plaintiffs' arguments, the vendors in this case did not exceed the authority granted them as agents of the state and local taxing authorities by collecting and remitting the overcharges to the taxing authorities, as they were required by law to remit all taxes collected, including those that exceeded the rate imposed by law.
Next, plaintiffs insist that the vendors are liable because they retained amounts ranging from 1% to 2% of all overcharges as vendor compensation. They argue that because the vendors retained these amounts, their only remedy to *1162 recover the overcharges kept as vendor dealer compensation is to bring a direct action against the vendors. Again, the argument must fail. Under the law, all taxes collected, whether in excess of the rate provided by law or not, are the property of the imposing state or local authority. La. R.S. 47:306 A(3)(a)(i) permits the vendors to take a deduction of one and one-tenth percent of the amount of tax due for the purpose of compensating the dealer in accounting for and remitting the taxes to the taxing authorities. Vendor compensation is nothing more than an administrative fee authorized by law to compensate vendors for services they perform in collecting and remitting taxes. In this case, the vendors have performed their services and have been compensated by the taxing authorities. Furthermore, the taxpayers have clearly defined remedies under the law to recover overpaid taxes from the taxing authorities, as will be discussed infra. For these reasons, we find the taxpayers do not have a cause of action to recover those amounts retained by the vendors as vendor compensation in connection with the collection and remission of excess sales taxes on calling cards.
Lastly, the taxpayers insist that the dictates of equal protection demand that the law provide the purchaser a right of action against the vendors to recover the overcharges. They note that the taxing authorities have a right of action to sue purchasers to recover unpaid taxes in an action on a debt where taxes are owed, and argue that consequently, purchasers must have the same right of action to sue dealers who collect money where no taxes are owed. However, the taxpayers are granted remedies by law to recover overpaid sales taxes from the taxing authorities. Since the law gives taxpayers the right to assert claims for refund of sales tax overpayments, the taxpayers cannot claim they have been denied equal protection of the law.
After analyzing each of the theories asserted by the taxpayers, we find that the petition fails to state any legally sufficient cause of action to recover overpaid sales taxes from the vendors that were collected and remitted to the appropriate taxing authorities by the vendors. Accordingly, we find that the trial court correctly maintained the exception of no cause of action filed by the vendors.

SUBJECT MATTER JURISDICTION
We first address the taxpayers' claim that the state and the Parishes of Orleans and Terrebonne lost their right to challenge the trial court's jurisdiction by failing to raise the dilatory exception of prematurity prior to filing an answer. The state filed an exception of lack of subject matter jurisdiction, asserting that the Louisiana Board of Tax Appeals has sole jurisdiction over matters involving tax refunds, and submits that because subject matter jurisdiction may not be waived by any of the parties, the trial court was correct in sustaining its exception of lack of subject matter jurisdiction.
We agree. The state and the parishes that filed dilatory exceptions of prematurity, as well as those asserting motions for summary judgment, based their arguments on the failure of the taxpayers to pursue administrative remedies to obtain a tax refund provided for by state statutes and local ordinances prior to filing suit. These objections essentially challenge the trial court's subject matter jurisdiction. Where the law provides for an administrative remedy, a claim must be processed through the administrative channels before a trial court will have subject matter jurisdiction to entertain the claim. See: Swanson v. Department of Public Safety and Corrections, 01-1066, p. 5 (La.App. 1 Cir. 6/21/02), 837 So.2d 634, 637. The exception of lack of subject matter *1163 jurisdiction may not be waived by the parties, and may be raised by the court sua sponte. Id. Therefore, none of the defendants lost the right to challenge the trial court's jurisdiction by answering before filing their exceptions.
We now address whether the trial court had subject matter jurisdiction to adjudicate the taxpayer's refund claims. The taxpayers do not dispute the correctness of the trial court's ruling that sustained the subject matter jurisdiction exception filed by the State. The law clearly sets forth an administrative procedure by which a taxpayer may assert a claim for a refund from the State in the case of a tax "erroneously paid," defined to Include payment of a tax when no amount is owed. See La. R.S. 47:1481. La. R.S. 47:1624 provides for an appeal to the Board of Tax Appeals where there has been a denial of or inaction on a refund claim, and La. R.S. 47:1435 provides for judicial review of judgments of the Board of Tax Appeals. Because the taxpayers failed to initiate their claim through the proper administrative channels, the trial court was without jurisdiction to adjudicate their refund requests.
The local taxing authorities submitted copies of their tax ordinances to the trial court, which, as the taxpayers acknowledge, contain substantially similar, if not identical language. The taxpayers do not dispute that the ordinances provide remedies for refunds and reimbursements of sales taxes paid at the local level, but submit that the remedies are not available to purchasers. Their chief argument is that the ordinances providing for a remedy utilize the term "dealer." However, the ordinances define the term "dealer" broadly to include virtually all persons. For example, in the Livingston Parish ordinance, Section 1.04 defines the term "dealer" to include every person in the parish with tangible personal property in his possession. And courts have construed definitions of the term "dealer" in the broadest sense to include purchasers. See Ingram Oil Co. v. St. John the Baptist Parish School Board, 406 So.2d 784 (La.App. 4th Cir.1981), writ denied, 412 So.2d 87 (La. 1982). The taxpayers failed to demonstrate that the administrative procedures at the local level do not authorize a purchaser to seek a refund of overpaid sales taxes, and thus they have not established that they are entitled to assert their refund claims in the trial court in the first instance.
In another attempt to justify their failure to pursue local administrative remedies, the taxpayers argue that the overcharges collected and remitted to the local authorities were not a "tax" because there was no legislative authority for the collection of the sales taxes on the calling cards. In the absence of legislative authorization for the imposition of the tax, they submit, the essential characteristics of a tax are lacking and this suit to collect overcharges is not a suit for the overpayment of a tax, but as to the local authorities, is an action on a debt. We find no merit to this assertion. The purchasers paid the money at issue to the vendors as sales taxes, the money was collected by the vendors as sales taxes and remitted by them to the taxing authorities as sales taxes. The taxpayers are seeking a refund of sales taxes erroneously paid. In short, the suit against the taxing authorities is for the overpayment of a tax.
Lastly, the taxpayers submit that they are not required to pursue an administrative remedy with respect to the local taxing authorities because it would be useless to do so. They note that on December 21, 2001, demand letters were forwarded to the local authorities seeking to recover the overcharges, however, the local taxing authorities failed or refused to *1164 entertain their claims. In these demand letters, the taxpayers asserted they were entitled to a refund of local sales taxes in the amount of $100,000.00 plus interest as an overpayment of the tax. Identical letters were sent to numerous local taxing authorities. These demand letters, however, do not constitute bona fide requests for sales tax refunds, as they contain no details of the overpayment of sales taxes, but promise that such information will be forwarded by month and specific vendor under separate cover. There is no evidence to indicate the taxpayers ever furnished such information to the taxing authorities. We conclude that the demand letters do not excuse the taxpayer's failure to pursue administrative remedies at the local level in accordance with the procedures set forth in the ordinances.
We hold that because the taxpayers failed to exhaust the administrative remedies provided by state and local statutes and ordinances, the trial court did not have subject matter jurisdiction to adjudicate the tax dispute, and the claims against the defendant taxing authorities were appropriately dismissed. In light of this ruling, we pretermit discussion of plaintiffs' assignments of error pertaining to the trial court's venue rulings and the dismissal of two parishes on motions for summary judgment.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellants.
AFFIRMED.
FITZSIMMONS, J., concurs in the result.