JjFOIL, J.
On January 17, 2001, plaintiffs filed this lawsuit seeking to recover overcharges that were remitted to state and local taxing authorities on the sale of pre-paid telephone calling cards sold after July 1, 1998 against vendors who collected the tax, the State of Louisiana’s Department of Revenue and numerous local taxing authorities.
Various exceptions and motions were filed by the defendants. The first judgment entered by the trial court dismissed most of the defendants from the litigation except for the City of Orleans, and Terre-bonne and Vernon Parishes. That judgment was appealed in a companion case decided this day, Larrieu v. Wal-Mart Store, Inc., 03-0600 (La.App. 1 Cir. 02/23/04), 872 So.2d 1157, 2004 WL 324962. Therein, this court held that the trial court lacked subject matter jurisdiction to entertain a suit seeking to recover overcharged sales taxes against state and local taxing authorities because the taxpayers failed to exhaust the administrative remedies available to them by state and local statutes and ordinances. ■
. The instant appeal challenges the trial court’s rulings that dismissed Orleans Parish on an exception of lack of subject matter jurisdiction and granted motions for summary judgment filed by Terrebonne and Vernon Parishes. The taxpayers also assign as error the failure of the trial court to rule on its motion for class certification before considering certain exceptions.
For the reasons set forth in the companion case, we conclude that the trial court did not have subject matter jurisdiction to adjudicate the taxpayers’ refund claims because the taxpayers failed to exhaust the administrative remedies provided to them in the local ordinances, and the dismissal of the City of Orleans and Vernon Parish from the litigation was proper. However, with respect to Terrebonne Parish, we are unable to enter a ruling at this time. Although the record reflects that the judge granted Terrebonne Parish’s motion for summary judgment orally, the record does |finot contain a written and signed judgment to that effect. The signed judgment pertaining to Terrebonne Parish contains *1166 only the trial judge’s denial of an exception of no right of action. Therefore, Terre-bonne Parish’s appeal is premature and we must remand the case to the trial court to allow the defect to be cured.
Accordingly, we affirm that portion of the judgment dismissing the City of Orleans and Vernon Parish from the lawsuit. The appeal is dismissed as to Terrebonne Parish, and the case is remanded to the trial court for the entry of a written final judgment into the record. All costs of this appeal are assessed to appellants.
AFFIRMED; APPEAL DISMISSED IN PART AND REMANDED.
FITZSIMMONS, J., concurs in result.
REHEARING GRANTED
Granted for the sole purpose of supplementing the judgment into the record. This is done in the interest of judicial economy. So ORDERED.